IN RE PAROLE APPLICATION OF WILLIAM HAWLEY.

Argued September 25, 1984—Decided December 20, 1984.

*James W. Kennedy,* Assistant Prosecutor, argued the cause for appellant Monmouth County Prosecutor *(John A. Kaye,* Monmouth County Prosecutor, attorney; *William J. Zaorski,* Assistant Prosecutor, of counsel; *William J. Zaorski* and *Michael J. Gross,* on the Briefs).

*Catherine M. Brown,* Deputy Attorney General, argued the cause for cross-appellant New Jersey State Parole Board *(Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Deborah T. Poritz,* Deputy Attorney General, of counsel).

*Leigh B. Bienen,* Assistant Deputy Public Defender, argued the cause for respondent William Hawley *(Joseph H. Rodriguez,* Public Defender, attorney).

The opinion of the Court was delivered by

GARIBALDI, J.

This case arose from an appeal by the Monmouth County Prosecutor to the Appellate Division from a decision of the State Parole Board to grant William Hawley parole from Trenton State Prison where he was serving a sentence of life

imprisonment for murder. Specifically, the Appellate Division in *In re Hawley*, 192 *N.J.Super.* 85 (1983) held that:

(1) A prosecutor has the right and authority to appeal any State Parole Board decision granting parole to a state prison inmate;

(2) A prosecutor is not entitled to receive from the Parole Board a statement of its reasons for granting parole; and

(3) The State Parole Board's decision to grant parole to Hawley was not arbitrary or capricious.

The Prosecutor petitioned for certification as to whether a prosecutor is entitled to receive from the State Parole Board (Board) a statement of the reasons why the Board has granted parole. The Prosecutor did not petition for review of the Appellate Division's decision that the Board's release of Hawley was not arbitrary or capricious. The State cross-petitioned as to whether a prosecutor has authority to appeal a decision of the Board. We granted both petitions of certification. 96 *N.J.* 285 (1984).

I

On July 6, 1967, Hawley pleaded *non vult* to murder and was sentenced to life imprisonment. In January, 1983 the Board gave public notice that it would conduct a parole eligibility hearing. *N.J.S.A.* 30:4–123.45(b)(5); *N.J.S.A.* 30:4–123.48(g). The Monmouth County Prosecutor filed a timely letter with the Board strongly objecting to Hawley's release and requesting that the Prosecutor be permitted to attend the parole hearing so that he could produce witnesses and/or evidence and argue orally against Hawley's release. Due to an administrative oversight, the parole hearing was held without notice to the Prosecutor. The Board, upon learning of this error, rescheduled the hearing. Two hearings were conducted at which the Prosecutor presented evidence, which included the testimony of several witnesses. The Prosecutor submitted written exceptions to the information presented at the hearings. Written summaries of the meeting were prepared by the hearing officer and made available to the parties.

After considering the hearing testimony, the Board advised the Prosecutor that it had approved Hawley's release. The Prosecutor immediately sent a mailgram to the Board requesting a written statement of the reasons upon which the Board had relied in making its decision to release Hawley and requested a stay of Hawley's release date pending receipt of such a statement. The Board denied both of the Prosecutor's requests, responding that it was "not legally required by statute or administrative regulations to provide a statement of reasons as to why parole is granted" and that "the Board sees no reason why the parole release date should be suspended."

The Prosecutor filed a notice of appeal to the Appellate Division with a motion for stay of Hawley's release pending appeal. The Appellate Division denied the motion for stay. The Prosecutor then filed a motion for stay with this Court. We stayed Hawley's release pending the Prosecutor's appeal and directed that the Appellate Division accelerate the matter.

## II

While the Board does not question the authority of a prosecutor to seek judicial review of a Parole Board decision, it urges that as a matter of "judicial accommodation" the courts "should refrain from reviewing challenges to parole release decisions which are brought by a third party when the sole basis of the challenge on appeal is that the decision the Board reached on the merits is incorrect." We find little merit in this argument.

The Board is the administrative agency charged with the responsibility of deciding whether an inmate satisfies the criteria for parole release under the Parole Act of 1979. *N.J. S.A.* 30:4–123.45 to –123.69. We find no reason to exempt the Parole Board from the well-established principle that a court may review the actions of an administrative agency to determine if its power is being exercised arbitrarily or capriciously. See *N.J. Const.* (1947), Art. VI, § 5, ¶ 4; *R.* 2:2–3(a)(2); *In re*

*Senior Appeals Examiners,* 60 *N.J.* 356 (1972); *Monks v. N.J. State Parole Bd.,* 58 *N.J.* 238 (1971). Moreover, we have held specifically that the Parole Board's actions are always "judicially reviewable for arbitrariness." *Id.,* 58 *N.J.* at 242.

Furthermore, *N.J.S.A.* 30:4–123.45(b)(5) requires that a list of inmates being considered for parole be forwarded to the appropriate prosecutor's office. We held in *In re Trantino,* 89 *N.J.* 347 (1982) that the prosecutor must be given the opportunity to participate in parole eligibility hearings:

> Because the Board's objective is to reach a reasoned and informed determination, it should permit the participation of parties and witnesses who can bring relevant evidence to bear upon the parole question. The Legislature has already indicated that the prosecutor can perform a special role in parole proceedings. See *N.J.S.A.* 30:4–123.51(j) (giving prosecutor the right to defer the parole release of a pre-Code sentenced inmate who is a repeat offender whenever the prosecutor advises the Board that the punitive aspects of the inmate's sentence have not been satisfied). Those persons required by statute to be notified of parole proceedings, such as the Attorney General or county prosecutor, are parties familiar with the offender and the offense and can be helpful in the parole proceedings. Their role is to inform the Board. Such persons, upon request and subject to the discretion and control of the Parole Board, should be allowed to submit evidence, to give testimony, examine and cross-examine witnesses, and present argument on all matters directly relevant to the parole of the inmate. [*Id.,* 89 *N.J.* at 375–76].

The notice required by *N.J.S.A.* 30:4–123.45(b)(5) and participation in the parole proceedings granted to the prosecutor by *Trantino* would be meaningless without the right of the prosecutor to appeal a Board's decision to the courts.

For these reasons and the reasons expressed in Judge Gaulkin's well-reasoned Appellate Division opinion, we affirm the Appellate Division's judgment, holding that the prosecutor has the right and authority to appeal any Board decision granting parole to a State prison inmate.

### III

We further agree with the Appellate Division that neither the Constitution nor any statute requires the Board to furnish to the prosecutor a statement of reasons for its decision

to release a prisoner. However, as Judge Gaulkin recognized in his opinion, "[t]he Board may, if it chooses, articulate its reasons for a parole release grant; indeed, where the Board is divided, we anticipate that its differences will be expressed." *In re Hawley, supra,* 192 *N.J.Super.* at 94. In addition, we believe that there are cases such as this, when a prosecutor participates in a *Trantino* informational hearing, in which it would be beneficial to the public for the Board, as a matter of policy, to provide the Prosecutor with a statement of reasons why it granted parole to a prisoner.

The public has a legitimate interest in a correct parole eligibility decision.[1] *New Jersey State Parole Board v. Byrne,* 93 *N.J.* 192, 210 (1983). If the Board errs in its release decision, a dangerous prisoner may be released into the community. Certainly, the public, which is directly affected by such a release, has a substantial interest in determining that the Board's grant of parole is proper. *Monks v. N.J. State Parole Board, supra,* 58 *N.J.* at 248.

As this is a matter of great public importance, which comes before this Court at a time when the public harbors doubts about the effectiveness of our criminal justice system, we believe that the public's confidence in the system will be strengthened by the Board's providing, in those few cases in which the prosecutor participates in a *Trantino* hearing, a statement of its reasons for granting parole. The issuance of such a statement will assure the public that the Board's discretion is being exercised fairly and reasonably. Mindful that public outrage should not influence the parole process, we believe that the furnishing of a statement of reasons will

---

[1]Under a recent amendment to the Parole Act signed into law by Governor Kean in January, 1984 and effective July 11, 1984, victims of violent crimes must be notified of parole eligibility dates and be allowed to participate at a *Trantino* hearing. *L.*1983, *c.* 453.

diminish the public's potential misconception of the reasons for the Board's decision and will abate public outrage.

As we have stated, the Legislature and this Court have recognized that the prosecutor has a "special role in the parole proceedings." *In re Trantino, supra,* 89 *N.J.* at 376; *N.J.S.A.* 30:4–123.45b; *N.J.S.A.* 30:4–123.51f. Accordingly, it is appropriate that the prosecutor, as the primary representative of the State in law enforcement matters within his county, represent the interests of the public.

## IV

Faced with the public's substantial interest in parole, the question becomes why, in cases in which the prosecutor participates in *Trantino* informational hearings, the Parole Board should not furnish the prosecutor with a statement of its reasons for granting parole.

As noted above, the Parole Board is the administrative agency charged with the responsibility of deciding whether an inmate satisfies the criteria for parole release under the Parole Act of 1979. *N.J.S.A.* 30:4–123.45 to –123.69. In assessing an inmate's qualifications for parole release, the Parole Board in many ways acts as a sentencing court, as it is required to consider twenty enumerated factors contained in *N.J.A.C.* 10A:71–2.11. The factors

> cover most matters that would be relevant to parole fitness, such as the inmate's conduct while incarcerated, prior record, nature of the offense, previous probation or parole experience, participation in institutional programs, health, parole plans, motivation, family relationships, availability of community resources or support services, history of employment, military service, education and the statements of the sentencing judge. [*Trantino, supra,* 89 *N.J.* at 366.]

■ It has long been recognized that "[o]ne of the best protections against arbitrary exercise of discretionary power lies in the requirement of findings and reasons that appear to reviewing judges to be rational." *See K. Davis, Administrative Law,* § 16.12, at 585 (1970 Supp.); *In re 1976 Hosp.*

*Reimbursement, Kessler Mun. Hosp.*, 78 *N.J.* 564, 578 (1979). Such reasons are necessary " 'not only [to insure] a responsible and just determination' by the agency but also '[to afford] a proper basis for effective judicial review.' " *Monks, supra,* 58 *N.J.* at 244–45. In *Monks,* we held that fairness and rightness dictate that the Board grant a prisoner's request for a statement of reasons. We held that such a statement "would also serve as a suitable and significant discipline on the Board's exercise of its wide powers." *Id.,* 58 *N.J.* at 249.

The Parole Board and the Appellate Division argue, however, that a compelling reason why this rule should not be applied to parole release decisions is that such decisions are "highly subjective." *In re Hawley, supra,* 192 *N.J.Super.* at 92. We submit that it is precisely because the decision is highly subjective and discretionary that the reasons should be set forth.

Further, there is no evidence that the furnishing of such a statement would impose an onerous administrative burden on the Parole Board. It is only in those cases in which the prosecutor has participated in a *Trantino* informational hearing that the Parole Board as a matter of policy should state its reasons for granting parole. According to the Prosecutor of Monmouth County, since the Parole Act was enacted in 1979, 773 inmates have become eligible for parole and he has requested to participate in such a hearing on only five occasions.

Nor do we believe that the furnishing of a statement of reasons will lead to more appeals. To the contrary, we believe that the furnishing of such a statement may well forestall the necessity of a prosecutor appealing the case.

## V

We believe that the argument supporting the prosecutor's request, on behalf of the public, for a statement of reasons in those sensitive cases in which the prosecutor participated in a *Trantino* hearing and in which the Board granted parole, has

greater merit than the arguments to the contrary. The statement of reasons by itself serves as a significant curb on the Board against arbitrary action. Most importantly, the statement of reasons demonstrates to the public that the Board is acting in a reasonable and sensitive manner. We subscribe to the belief that as long as government has a legitimate reason for its actions, it need not fear disclosure.

The opposing arguments are minor in comparison. There may be some administrative burdens, but there is no evidence that they would be unduly oppressive. Nor is there any evidence that the parole system would be adversely affected by the requirement that reasons be stated, or that the Board's power to grant or deny parole would be curbed.

While in cases of parole denial the inmate is directly affected by and has a compelling interest in knowing the reasons for the Board's decision, so, too, in certain cases of parole release is the public directly affected by and has an interest in knowing the reasons for the Board's decision.

Although we emphasize that we do not require the Board to furnish a statement of reasons to the prosecutor, we urge the Board to reconsider its policy and, in those few sensitive cases in which the prosecutor participates in a *Trantino* hearing, to furnish, upon the prosecutor's request, a statement of reasons why it granted parole. Such a statement, we believe, would alleviate any concern the public may have about the reasonableness of the Board's decision.

The judgment of the Appellate Division is affirmed.

HANDLER, J., concurring.

We have affirmed the judgment of the Appellate Division that upheld the State Parole Board's grant of parole to William Hawley. In explaining the result reached, we have expressly adopted the essential reasoning of the Appellate Division as set forth in the comprehensive and clear opinion of Judge Gaulkin reported at 192 *N.J.Super.* 85.

In that opinion the court below has determined that the decision of the State Parole Board "to grant parole release in this matter was neither arbitrary nor capricious," and that there is "no reason to conclude that the decision of the Parole Board was anything other than a proper exercise of the discretion entrusted to it." *Id.*, 192 *N.J.Super.* at 94–95. By our affirmance we express parallel satisfaction that the Parole Board did not abuse its discretion or render a decision that was arbitrary or capricious. Further, our dispositon of the appeal necessarily reflects the view that in this case neither the parole function as exercised by the Parole Board at the administrative level nor the judicial review role undertaken on appeal by the Appellate Division and this Court was impaired by the Parole Board's failure to issue reasons to justify the grant of parole release.

Our decision today must be understood to have settled two issues that were properly and fairly raised on appeal, issues that had not previously been definitively resolved by the Court. The first such holding is that a prosecutor, the Attorney General, or any other administrator of a criminal justice agency who has properly received notice of a parole hearing pursuant to *N.J.S.A.* 30:4–123.45(b)(5) and who has participated in the hearing by performing an informational role for the benefit of the Parole Board, see *In re Trantino*, 89 *N.J.* 347, 375–76 (1982), "has standing to appeal * * * release decisions." 192 *N.J.Super.* at 90. Further, such an appeal can encompass the question whether the parole decision was arbitrary or capricious. *Id.*, 192 *N.J.Super.* at 91.

The second issue that has now been dispositively settled is that a prosecutor or other informational participant in a parole hearing is not entitled to, and the Parole Board is under no obligation to furnish, a "statement of reasons" in support of any decision to grant parole release. *Id.*, 192 *N.J.Super.* at 92. The reasons marshalled by the Appellate Division in reaching this conclusion are cogent and persuasive.

The court below quite soundly rejects *Monks v. New Jersey State Parole Bd.*, 58 *N.J.* 238 (1971), as analogous authority for finding a right in the prosecutor to obtain a statement of reasons from the Parole Board. *Monks* mandates that a statement of reasons be given to an *inmate* after a *denial* of parole release. The interests in *Monks* differ significantly from those at stake when a *prosecutor* or other informational participant in a parole hearing opposes the *grant* of parole release. As pointed out by the Appellate Division, fairness to an inmate whose liberty interest has been curtailed by the denial of parole and the need for that inmate to attempt to obtain his liberty by qualifying for parole—matters that are now of constitutional magnitude, *see Greenholtz v. Nebraska Penal Inmates*, 442 *U.S.* 1, 99 *S.Ct.* 2100, 60 *L.Ed.*2d 668 (1979)—exceeds the statutory interest of a prosecutor who provides relevant information to the Parole Board in a parole hearing. 192 *N.J.Super.* at 92.

While our decision embraces the sound reasoning of the court below, *ante* at 113–114, the majority nonetheless has delivered an opinion that may be misleading. The Court takes the position that the issuance of a statement of reasons by the Parole Board in support of a parole release decision is concordant with the public's legitimate interest in a correct parole decision. *See ante* at 114. By the tenor, if not the literal sense of its expressions, the Court appears to require or strongly request that such a statement of reasons be forthcoming from the Parole Board. *See ante* at 114, 116–117. I do not believe that either of these propositions is expressed or implied by our affirmance of the judgment of the Appellate Division.

I find no warrant to reach the conclusion that a statement of reasons by the Parole Board to support a parole release decision should be required as suggested by the majority. The court below aptly points out that the Parole Act of 1979 does not impose any obligation on the Board to give a statement of reasons to an interceding prosecutor nor does the statute

purport to give the prosecutor any right to demand reasons for parole release. 192 *N.J.Super.* at 92. The Legislature has carefully specified the parties or persons who shall be deemed to have an interest and a stake in parole proceedings. These are the prosecutor from the county in which the underlying crime committed by the inmate occurred, the sentencing court, the Attorney General, and any other law enforcement official representing an agency whose information may be relevant. *N.J.S.A.* 30:4-123.45(b)(5); *In re Trantino, supra,* 89 *N.J.* at 375-76. The Legislature has not expanded the proceedings or otherwise amplified the manner in which the public interest is to be served and protected in the administration of parole.[1] Consequently, as a matter of effectuating legislative intent, it is unsound to suggest that a statement of reasons be given by the Parole Board to justify parole release in order to serve an interest, when clearly no such statement is required on behalf of any of the persons or entities who actually has a right to participate in the parole process.

In addition, the Court's position that would require or strongly encourage the Parole Board to express such reasons when it has granted parole release derogates from the highly sensitive discretion that is inherent in the parole function. It cannot be overstressed that although parole standards under the Parole Act of 1979 have been considerably narrowed, this has served primarily to "reduce the discretion involved in parole decisions." *In re Trantino, supra,* 89 *N.J.* at 368. The Legislature assuredly has not eliminated that discretion nor has it mechanized it to the point that the parole function is ministerial. As observed by Chief Justice Burger in *Greenholtz v. Nebraska Penal Inmates, supra,* 442 *U.S.* at 9-10, 98 *S.Ct.* at 2538, 60 *L.Ed.*2d at 677, *quoted below,* 192 *N.J.Super.* at 92-93, "[t]he parole release de-

---

[1] When the Legislature amended *N.J.S.A.* 30:4-123.54(b)(2) to permit victim participation in Parole Board hearings, it granted victims an informational role similar to that of prosecutors. *L.*1983, *c.* 453.

cision * * * is subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release."

Further, as pointed out by the court below, with respect to inmates, such as Hawley, convicted prior to the enactment of the New Jersey Code of Criminal Justice, the decision as to whether the "punitive aspects of a sentence have been satisfied in terms of rehabilitative potential of the inmate" itself remains a highly subjective and deeply discretionary determination. 192 *N.J.Super.* at 93, *quoting In re Trantino, supra,* 89 *N.J.* at 373. A sound and reasoned determination as to parole ordinarily does not emanate from an adversarial or contested administrative hearing. The appropriate role of the prosecutor in that delicate process is not to act as a legal combatant, but rather "to inform the Board." *Id., quoting In re Trantino, supra,* 89 *N.J.* at 376.

We expressed concern in *Trantino* that the Parole Board should not fall prey to public opinion or sentiment. 89 *N.J.* at 376. The Parole Board should in all cases be informed by the evidence and information that is placed before it. By gratuitously encouraging the Parole Board to issue a statement of reasons in support of certain decisions to grant parole, the Court should not allow the Parole Board to be victimized by public opinion. The requirement of a statement of reasons for the grant of parole release should not be permitted to become a sword that can be used against the Parole Board by undercutting from its ability properly to discharge the parole function.

As determined by the court below, a statement of reasons explaining a grant of parole release may reasonably be required in certain cases to effectuate judicial review, which assures that the Parole Board's decision is neither arbitrary nor capricious. It suffices to allow the appellate court to determine whether

such a statement is needed in a given case. I am completely satisfied that any statement of reasons to be given in such circumstances will fully respond to the public's interest in the parole process in those cases on appeal.

Justice POLLOCK joins in this concurrence.

HANDLER and POLLOCK, JJ., concurring in the result.

*For affirmance* —Chief Justice WILENTZ, and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For reversal* —None.