**Wayne A. STUFFLEBEAN, Petitioner,**

v.

**E. Calvin NEUBERT, etc., et al., Defendants.**

Civ. A. No. 85–5071.

United States District Court,
D. New Jersey.

Feb. 4, 1986.

OPINION

CLARKSON S. FISHER, Chief Judge.

Before the court is respondents' motion for an order dismissing the petition for a writ of *habeas corpus* pursuant to Fed.R. Civ.P. 12(b)(1). Petitioner, Wayne A. Stufflebean, is an inmate at Southern State Correctional Facility. He is presently serving the remainder of his adjusted maximum sentence of 8 to 11 years pursuant to the June 10, 1985, decision of the adult panel of

the New Jersey State Parole Board revoking his parole.

On April 2, 1976, petitioner was sentenced to a term of 8 to 11 years for two counts of breaking and entering, and for possession of a weapon without a permit. Stufflebean was paroled to the State of Minnesota on April 14, 1981, pursuant to the Interstate Compact for Supervision of Parolees, N.J.S.A. 2A:168–14. While on parole in Minnesota, Stufflebean was convicted of criminal sexual conduct in the fourth degree and sentenced to a term of 60 months. On February 24, 1982, a parole warrant was issued, which was followed by a declaration of delinquency dated March 11, 1982.

On June 2, 1983, the Bureau of Parole erroneously issued Stufflebean a parole-termination certificate which stated that his parole was terminated by reason of the expiration of his maximum sentence. On September 9, 1983, the Minnesota authorities contacted New Jersey and inquired as to the reason a termination certificate had been issued when a New Jersey parole-violation detainer was received by them on March 4, 1983. The New Jersey parole authorities advised that the certificate had been issued in error and requested its return.

Stufflebean was released from his Minnesota sentence on February 20, 1985. On April 24, 1985, the New Jersey parole-violation warrant was executed and Stufflebean was returned to custody in New Jersey. Upon petitioner's return his parole was revoked and he was ordered to complete service of his maximum sentence.

Stufflebean has petitioned this court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner claims that he was returned to the State of New Jersey and is being held illegally in light of the June 2, 1983, parole-termination certificate. Respondents have moved to dismiss the petition for failure to exhaust available state remedies.

Before a federal court can consider the merits of a *habeas corpus* petition, it must first consider whether petitioner has exhausted his state remedies. The exhaustion requirement now codified in the federal *habeas corpus* statute at 28 U.S.C. § 2254(b) and (c), serves to minimize friction between federal and state systems of justice by allowing the state an initial opportunity to pass upon and correct alleged violations of petitioner's federal rights. *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). *See also Santana v. Fenton,* 685 F.2d 71, 73 (3d Cir.1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). It is well settled that the petitioner for *habeas corpus* relief bears the burden of demonstrating that he has met the procedural requisites that entitle him to relief. *Santana v. Fenton,* 685 F.2d at 73. In order to satisfy the burden, petitioner must show that he has provided the state courts with a fair opportunity to consider the substance of his constitutional claims. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971).

In this action it is clear that petitioner has not met his burden in establishing that he has first exhausted available state remedies before filing the petition for *habeas corpus* relief. The New Jersey State Parole Board and the Department of Corrections are both state administrative agencies whose actions or inactions are reviewable, as of right, by the New Jersey Superior Court, Appellate Division, to ensure that discretionary powers delegated by legislature are not exercised arbitrarily or capriciously. *Application of Hawley,* 192 N.J. Super. 85, 89, 469 A.2d 88 (App.Div.1983), *aff'd,* 98 N.J. 108, 112, 484 A.2d 684 (1984). See N.J. Const. (1947), Art. VI, § 5 ¶ 4; N.J.Ct.R. 2:2–3(a)(2). Because the petitioner has not sought judicial review of the board's actions at the state level, he has not satisfied the exhaustion requirement of 28 U.S.C. § 2254(b). Accordingly, the peti-

tion for a writ of *habeas corpus* is dismissed. An order accompanies this opinion. There is no probable cause for appeal. No costs.