NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4181-14T4

EUGENE BELTON,

 Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

 Respondent.
________________________________________

 Submitted December 20, 2016 – Decided August 3, 2017

 Before Judges Suter and Guadagno.

 On appeal from the New Jersey State Parole
 Board.

 Eugene Belton, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel;
 Christopher C. Josephson, Deputy Attorney
 General, on the brief).

PER CURIAM

 Eugene Belton, an inmate currently incarcerated in New

Jersey State Prison (NJSP), appeals from an April 15, 2015 final

decision of the Parole Board affirming the denial of his request
for parole, and the establishment of a one-hundred forty-four

month future eligibility term (FET). We affirm.

 In 1976, Belton pled non vult1 to murder and guilty to

breaking and entering with intent to steal. He was sentenced to

life imprisonment on the murder charge and a concurrent seven-

year sentence on the breaking and entering charge.

 In August 1990,2 while serving his sentence in NJSP, Belton

and other inmates rioted at the prison and assaulted several

corrections officers. Belton and six other inmates were

charged. In our opinion affirming the conviction of one of

Belton's co-defendants, we described the injuries suffered by

the officers:

 In a sudden, unprovoked and planned
 attack on the morning of August 10, 1990,
 armed inmates at the New Jersey State Prison
 (then known as Trenton State Prison) turned
 on their guards. In the ensuing melee,
 numerous officers were injured. Captain James
 Johnston was repeatedly stabbed in the chest,
 face and arm. He was also beaten in the head

1
 When defendant entered his plea, N.J.S.A. 2A:113-4 required a
sentence of death for first-degree murder convictions, but
N.J.S.A. 2A:113-3 permitted a life sentence or a sentence
consistent with second-degree murder of thirty years, if a non
vult or nolo contendere plea was entered. A non vult plea is
equivalent to a guilty plea. State v. Ramseur, 106 N.J. 123, 273
(1987).
2
 We note a discrepancy between our prior published opinion,
which indicates that the incident occurred on August 10, 1990,
and the pre-sentence report which refers to August 12, 1990.
This is not material to our decision.

 2 A-4181-14T4
 with a weight. He spent a week in the hospital
 with a collapsed lung as a result of the stab
 wounds. Officer Wilson was struck in the
 head, stabbed and kicked repeatedly, and had
 his cheekbone crushed by a weight. The attack
 rendered him unconscious. He was hospitalized
 for four days. Officer Ayala was beaten and
 stabbed. He suffered multiple broken facial
 bones, a sprained wrist, and tooth damage. He
 spent seven days in the hospital. Officer
 Rivera was treated for a puncture wound of his
 wrist. Other officers suffered minor
 injuries.

 [State v. Mance, 300 N.J. Super. 37, 44-45
 (App. Div. 1997).]

 In June 1993, after trial by a jury, Belton was convicted

of four counts of aggravated assault and one count of possession

of a weapon for an unlawful purpose. On July 30, 1993, Belton

was sentenced to twenty-one and one-half years to run

consecutively to the life term he was serving.

 After an initial hearing on May 8, 2014, a hearing officer

referred Belton's matter to a two-member Board panel for a

hearing. On June 12, 2014, the panel denied parole based on

Belton's prior extensive criminal history; his prior criminal

record; his prior opportunities on probation and parole as well

as his prior incarcerations have failed to deter his criminal

behavior; his prior opportunities on probation and parole have

been violated in the past; his numerous, serious in nature

institutional disciplinary infractions (101 infractions) which

 3 A-4181-14T4
resulted in confinement in detention and administrative

segregation; his insufficient problem resolution, specifically,

his lack of insight into his criminal behavior, and failure to

sufficiently address his substance abuse problem, as

demonstrated by the panel interview, documentation in the case

file, and confidential materials and professional reports; "the

lack of an adequate parole plan to assist in successful

reintegration into the community;" and the results of an

objective risk assessment instrument.

 As mitigating factors, the panel found Belton had

participated in institutional programs and programs specific to

his behavior; had average to above average institutional

reports; had no disciplinary infractions since 2003; and had

attempted to enroll in institutional programs.

 The panel referred the matter to a three-member Board panel

to establish an FET, with a recommendation that the FET be

beyond administrative guidelines. On November 5, 2014, the

three-member panel established a one-hundred forty-four month

FET, adopting the same aggravating and mitigating factors.

 On appeal, Belton presents the following arguments:

 POINT I

 BY IGNORING AND UNDERVALUING SUBSTANTIAL
 EVIDENCE THE NEW JERSEY STATE PAROLE BOARD
 ERRED IN THEIR RULING TO DENY PAROLE, AS

 4 A-4181-14T4
 THEY RELIED ON THE SAME ERRONEOUS REASONING,
 WHICH THE COURT FOUND TO BE ARBITRARY IN
 STATE V. TRANTINO[3].

 POINT II

 THE PAROLE BOARD FAILED TO CONSIDER
 APPELLANT'S AGE AT THE TIME OF THE OFFENSE.

 POINT III

 THE PAROLE BOARD FAILED TO ASSESS
 APPELLANT'S SUITABILITY FOR PAROLE TO A
 RESIDENTIAL PROGRAM.

 POINT IV

 THE PAROLE BOARD VIOLATED LEGISLATIVE INTENT
 IN THE ARBITRARY SETTING OF A PUNITIVE FET.

 Our review of administrative agency determinations is

limited. Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980).

The Parole Board is "charged with the responsibility of deciding

whether an inmate satisfies the criteria for parole release

under the Parole Act of 1979." Acoli v. N.J. State Parole Bd.,

224 N.J. 213, 222 (quoting In re Hawley, 98 N.J. 108, 112

(1984)), cert. denied, ___ U.S. ___, 137 S. Ct. 85, 196 L. Ed.

2d 37 (2016). Our "review of the Parole Board's decisions is

guided by the arbitrary and capricious standard that constrains

other administrative action." Id. at 222-23 (citing Hawley,

supra, 98 N.J. at 112-13). The Board's decision regarding

3
 In Re Trantino Parole Application, 89 N.J. 347 (1982).

 5 A-4181-14T4
parole will not be disturbed unless it is "arbitrary, capricious

or unreasonable, or . . . not supported by substantial credible

evidence in the record as a whole." In re Stallworth, 208 N.J.

182, 194 (2011) (quoting Henry, supra, 81 N.J. at 579).

 Belton claims the Board overlooked or undervalued crucial

evidence such as his favorable institutional adjustment and

unfairly focused on the aggravated assault convictions as

opposed to the murder. We have considered these arguments and

find they lack merit. R. 2:11-3(e)(1)(E).

 The Board carefully considered all relevant evidence,

including Belton's extensive criminal record, the serious nature

of his crimes, and that prior probation and parole opportunities

have failed to deter his criminal behavior. The Board concluded

that Belton lacks sufficient insight into his criminal conduct:

 Instead of confronting who you were and what
 led to your choice to participate in this
 offense you repeatedly cited your use of
 narcotics prior to this event as the leading
 reason for your poor choices and violent
 behavior that day.

 The Board acknowledged that, pursuant to N.J.A.C. 10A:71-

3.21(a)(1), the standard FET for an inmate denied parole who is

serving a sentence for murder is twenty-seven months, but

justified exceeding the guidelines based on Belton's inability

"to identify any more than the superficial causes of [his]

 6 A-4181-14T4
criminal behavior," has not benefitted from the narcotic program

he participated in and "continue[s] to present as someone who is

a threat for future narcotics/alcohol use if released[.]"

 When parole is denied for an inmate serving a life

sentence, the standard eligibility term is twenty-seven months.

N.J.A.C. 10A:71-3.21(a)(1). The Board, however, may exceed the

FET guidelines if it determines that the presumption of twenty-

seven months is "inappropriate due to the inmate's lack of

satisfactory progress in reducing the likelihood of future

criminal behavior." N.J.A.C. 10A:71-3.21(d).

 We are satisfied that the Board's decision to deny parole

and set an extended FET was supported by the record and was

neither arbitrary nor capricious.

 Affirmed.

 7 A-4181-14T4