**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1925-17T2

ABDUL WEBSTER,

     Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

     Respondent.

_____

          Submitted October 16, 2018 – Decided November 30, 2018

          Before Judges Fisher and Suter.

          On appeal from the New Jersey State Parole Board.

          Abdul Webster, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

Abdul Webster appeals the July 19, 2017 final agency decision of the Parole Board (Board) that denied his request for parole and set a twenty-month future parole eligibility term (FET). We affirm.

In 2013, Webster was convicted by a jury of possession of controlled dangerous substances (CDS), N.J.S.A. 2C:35-10(a)(1), distribution of CDS, N.J.S.A. 2C:35-5(a)(1), and distribution of CDS within a school zone, N.J.S.A. 2C:35-7. He was sentenced to a ten-year term of incarceration subject to a five-year period of parole ineligibility. In 2010, Webster pled guilty to endangering the welfare of a child, N.J.S.A. 2C:24-4(a). He was sentenced in 2013 to a four-year term to run concurrently with the CDS sentence. Webster became eligible for parole in 2017.

A two-member panel of the Parole Board denied his request for parole on December 19, 2016, finding a "reasonable expectation that [he] would violate the conditions of parole if released on parole" and establishing a twenty-month FET. The panel considered mitigating factors, consisting of Webster's participation in programs specific to his behavior, institutional reports of favorable adjustment, attempts to enroll in other programs while incarcerated, and that he attained minimum custody status.

The panel denied parole, however, based on consideration of Webster's prior criminal record, consisting of eight adult convictions, his record of offenses, which was repetitive, his incarceration for multiple offenses, and that his prior opportunity on probation failed to deter his criminal behavior. Webster committed serious institutional infractions while incarcerated resulting in detention and administrative segregation with a loss of commutation time. The last offense had occurred in March 2015. He exhibited insufficient problem resolution, lacked insight into his criminal behavior, denied the offenses, and minimized his conduct.

Webster was administratively returned to the prison from "B camp"[1] with mental health issues. The panel noted "[h]is inability to recognize his criminal behavior and thinking raise[d] serious concerns for a successful parole," which was based on his interview and documentation in his case file.[2] Webster's risk assessment score was thirty, indicating a high risk for recidivism. In denying parole and establishing the FET, the panel suggested an "in depth

---

[1] The State refers to this as a satellite camp.

[2] The two-member panel amended its decision in June 2017 to add "confidential material/professional report" to this section.

A-1925-17T2

psych[ological] before the next hearing" and that Webster "must remain infraction free."

Webster appealed the decision to the full Board. On July 19, 2017, the Board denied parole and established a twenty-month FET. It reviewed Webster's parole request to determine whether there was a reasonable expectation he would violate conditions of parole if released on parole. It rejected his contention the two-member panel found he did not cooperate in rehabilitation. However, based on his responses to questions from the panel, the Board agreed that he lacked insight into his criminal behavior, minimized his conduct and denied his crimes. He had gained little insight from his involvement in treatment. His criminal behavior was "deeply rooted" based upon his "extensive" criminal record and infractions while incarcerated, all of which "contradict[ed] his claim to rehabilitation." The Board agreed with the panel there was a reasonable expectation Webster would violate the conditions of parole if he were released on parole at that time.

The Board rejected Webster's contention the full record had not been reviewed by the panel. The panel had considered his disciplinary infractions while in prison, which involved a refusal to submit to a search, threat with bodily harm and refusing to obey; it considered mitigating factors such as participation

4

in institutional programs. The Board rejected his claim the panel had not considered his parole plan. It found there was no error by considering all of the professional staff reports in the record. The Board rejected his claim that the panel posed inappropriate questions at the hearing, finding there was no demonstration of "personal interest, prejudice or bias." The Board agreed a preponderance of the evidence indicated a reasonable expectation that Webster would violate the conditions of parole if released on parole. It affirmed the denial of parole and imposition of a twenty-month FET.

Webster appeals arguing:

> POINT I. THE FINDINGS AND DECISION DENYING PAROLE AN (SIC) IMPOSITION OF A 20 MONTH FUTURE TERM OF ELIGIBILITY WERE ARBITRARY, CAPRICIOUS AND UNREASONABLE.
>
> POINT II. THE DECISION DENYING PAROLE RELEASE HAD BEEN BASED UPON INSUFFICIENT, UNRELIABLE INFORMATION, THAT WERE NOT IN THE RECORD INACCURATE AND FALSE.

The scope of our review is very limited. In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "[T]he Parole Board is the 'agency charged with the responsibility of deciding whether an inmate satisfies the criteria for parole release under the Parole Act

of 1979.'" Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222 (2016) (quoting In re Application of Hawley, 98 N.J. 108, 112 (1984)). A Board's decision involves "discretionary assessment[s] of a multiplicity of imponderables . . . ." Ibid. (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10 (1979)). Unless the Board's decision is found to be "arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence in the record as a whole," it shall not be disturbed. Stallworth, 208 N.J. at 194 (alteration omitted); see Acoli, 224 N.J. at 222-23. "The burden of showing that an [agency's] action was arbitrary, unreasonable or capricious rests upon the appellant." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

We are satisfied the Board based its decision "on the aggregate of all pertinent factors, including material supplied by the inmate and reports and material which may be submitted by any persons or agencies which have knowledge of the inmate." See N.J.A.C. 10A:71-3.11(a). It was within the Board's discretionary power to determine there was a reasonable expectation that Webster would violate conditions of parole if released on parole. The Board applied the correct legal standard and considered the relevant factors under N.J.A.C. 10A:71-3.11(b), including his mental health, in deciding to deny parole

and to set a twenty-month FET. The standard FET for a narcotics law violation is twenty additional months. See N.J.A.C. 10A:71-3.21(a)(3).

Our standard of review is not to substitute our judgment for the Board with respect to denial of parole or the setting of an FET. See N. J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div. 1988). On the record presented, the Board's decision was not arbitrary or capricious, see McGowan, 347 N.J. Super. at 563, and we conclude that the Board did not abuse its discretion in denying appellant's application for release on parole or in setting the twenty-month FET.

Webster contends the Board erred by taking into consideration his mental health information. That confidential information was part of the record that the Board reviewed. It must consider all pertinent information. Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 360 (1973) (providing the Board should give consideration to "all of the factors which may have any pertinence"). The mental health records are confidential and not to be released to the inmate. N.J.A.C. 10A:22-2.7(d). The Board also considered all the relevant factors required by N.J.A.C. 10A:71-3.11(b), in addition to mental health records, in denying parole and setting the FET. We conclude the Board's findings were not arbitrary

capricious or unreasonable and are supported by adequate, substantial and credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1925-17T2