**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4598-18T1

RANDY JOHNSON,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

          Submitted September 22, 2020 – Decided September 29, 2020

          Before Judges Fisher and Gummer.

          On appeal from the New Jersey State Parole Board.

          Randy Johnson, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Randy Johnson appeals a final agency decision of the Parole Board, denying parole and setting a seventy-two-month future parole eligibility term ("FET"). We affirm.

In 1985, a jury convicted Johnson of felony murder, two counts of robbery, aggravated assault, and unlawful possession of a weapon. He was sentenced to an aggregate term of life in prison, with a thirty-three-year and four-month period of parole ineligibility. Johnson became eligible for parole in 2017.

In 2018, after a prior decision to deny parole had been vacated, a two-member panel of the Board denied parole. Considering among other factors his prior criminal history and incarcerations, his institutional infractions, and mitigating factors such as participation in behavior-specific and institutional programs, the panel concluded that Johnson was only in the "beginning stages of understanding his crime" and that his "numerous infractions . . . suggest that he has continued his criminal behavior." The panel also found that he minimizes his conduct, lacked a "viable parole plan," and had not addressed sufficiently a substance-abuse problem. The panel concluded that a substantial likelihood existed that Johnson would commit a new crime if released on parole.

A-4598-18T1

A three-member panel of the Board imposed a seventy-two-month FET, expressing its rationale in a thorough written opinion. The panel found that the factors supporting denial of parole were "of such a serious nature" as to warrant the setting of a seventy-two-month FET, which the panel believed necessary to provide Johnson with an opportunity to address the multiple issues identified by the panel.

Johnson appealed those decisions to the full Board. The full Board issued a final agency decision, affirming the panels' parole denial and establishment of a seventy-two-month FET.

Johnson appeals, arguing:

> POINT I
> THERE WERE INSUFFICIENT REASONS TO
> DENY PAROLE.
>
> POINT II
> A LIFE SENTENCE SHOULD NOT BE A DEATH
> PENALTY.
>
> POINT III
> THE ACOLI RULING SHOULD NOT APPLY.
>
> POINT IV
> THE ACOLI RULING VIOLATES THE
> ADMINISTRATIVE APPEAL PROCESS.

We find insufficient merit in these arguments to warrant discussion in a written opinion, R. 2:11-3(e)(2) and add only the following few comments.

The scope of our review is limited.  In re Stallworth, 208 N.J. 182, 194 (2011).  The Board is "the 'agency charged with the responsibility of deciding whether an inmate satisfies the criteria for parole release under the Parole Act of 1979.'"  Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222 (2016) (quoting In re Application of Hawley, 98 N.J. 108, 112 (1984)).  The Board's decisions are highly "'individualized discretionary appraisals.'"  Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)).  Accordingly, the Board's decisions are entitled to a presumption of validity, In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994), and deference to the Board's "expertise in the specialized area of parole supervision," J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017).  We intervene in a Board decision denying parole or imposing a particular FET only if the appellant demonstrates that the decision is "arbitrary, capricious, or unreasonable" or that it could not "reasonably have been reached on the credible evidence in the record."  McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).  An "agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness."  Ibid.

A-4598-18T1

The Board's determinations to deny parole and to impose a seventy-two-month FET were well-supported by the evidence.  On the record presented, the Board's decisions were not arbitrary or capricious, and the Board did not abuse its discretion.

Johnson faults the Board for not accepting his versions of the details of the crimes for which he was imprisoned and his characterization of the infractions he committed while incarcerated.  We are satisfied that the Board based its decision "on the aggregate of all pertinent factors, including material supplied by the inmate and reports and material which may be submitted by any persons or agencies which have knowledge of the inmate."  N.J.A.C. 10A:71-3.11(a).  Johnson's attempt to minimize the thirteen infractions he committed while incarcerated is not supported by the record.

Johnson also faults the Board for failing to recognize that he is not the same person now that he was when he was arrested.  To the contrary, the Board expressly acknowledged Johnson's participation in institutional and behavior-specific programs and his recent effort to obtain a GED credential.  The Board found that Johnson is not now the person he needs to be to merit parole given his insufficient understanding of his crime, his conduct, his motivations and triggers to negative behavioral choices, and his continuing anti-social behavior

5

and his resulting lack of satisfactory progress in reducing the likelihood of future criminal behavior. In reaching that conclusion and in determining that a seventy-two-month FET is an appropriate term to enable him to take the necessary steps to make that required progress, the Board relied on substantial credible evidence in the record and was not acting arbitrarily, capriciously, or unreasonably.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4598-18T1