787 A.2d 195 (2001)
346 N.J. Super. 103
BANKERS TRUST COMPANY OF CALIFORNIA, N.A. as trustee under the Pooling and Servicing Agreement dated as of June 26, 1997, Delta Funding Home Equity Loan Trust 1997-2, Plaintiff-Respondent,
v.
Louis R. DELGADO and Ann Delgado, husband and wife, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted September 10, 2001.
Decided October 9, 2001.
*196 Malcolm V. Carton, Avon by the Sea, Monmouth County Counsel, attorney for appellant, County of Monmouth Sheriff's Department (Fredrick P. Niemann, Freehold, Assistant Monmouth County Counsel, on the brief).
Harvey, Pennington, Cabot, Griffith & Renneisen, attorneys for respondent, Bankers Trust Company of California (Stephen McNally, Cherry Hill, on the brief).
Respondents Louis R. Delgado and Ann Delgado did not file a brief.
Before Judges PETRELLA, KESTIN and STEINBERG.
The opinion of the court was delivered by STEINBERG, J.A.D.
Plaintiff, Bankers Trust Company of California (Bankers Trust), filed suit seeking to foreclose upon a mortgage executed by Louis R. Delgado and Ann Delgado. The Delgados did not file an answer, or *197 otherwise move as to the complaint. Consequently, final judgment was entered in favor of Bankers Trust, and a writ of execution was entered directing the Monmouth County Sheriff (Sheriff) to sell the property. The sale was initially scheduled for July 17, 2000. However, at Bankers Trust's request, the sale was adjourned until July 31, 2000, and again to August 14, 2000.
Prior to the August 14th sale, Bankers Trust learned that the Delgados were involved in a bankruptcy proceeding which effectively prohibited it from proceeding with the sheriff's sale. As a result, Bankers Trust requested the Sheriff to adjourn the sale for a third time, until September 18, 2000, in order to enable it to obtain relief from the automatic stay resulting from the bankruptcy. However, the Sheriff advised Bankers Trust that pursuant to N.J.S.A. 2A:17-36, it must obtain an order from the court authorizing an additional adjournment. The Delgados, through counsel, executed a consent order prepared by counsel for Bankers Trust, which adjourned the sale to September 18, 2000, and further provided that Bankers Trust was "entitled to additional adjournments of sale, for such time periods as [Bankers Trust] or its counsel may request of the Sheriff, without the necessity of further orders [from the] court." The Sheriff was not a party to the consent order, which, on application of the parties, was entered in the Chancery Division on August 11, 2000.
Bankers Trust obtained relief from the automatic stay, and the sale took place on September 18, 2000. On September 27, 2000, the Sheriff filed this appeal, contending that he was entitled to notice of the application for adjournment of the sale, and that Bankers Trust was not entitled to further adjournments without a court order for each.[1]
The Sheriff was not a party to the litigation, and never sought to intervene. In essence, the Sheriff is a stranger to the litigation. Accordingly, we conclude that the Sheriff lacks standing to file and prosecute this appeal. Moreover, the Sheriff, as a public official participating in the judicial sale process, is bound by the automatic stay of the Bankruptcy Court and may not take any action effecting property of the bankrupt estate while the stay is in effect.
We also note our disagreement with the Sheriff's contentions. N.J.S.A. 2A:17-36 provides as follows:
A sheriff or other officer selling real estate by virtue of an execution may make two adjournments of the sale, and no more, to any time, not exceeding 14 calendar days for each adjournment. However, a court of competent jurisdiction may, for cause, order further adjournments.
In our view, the obvious intent of the statute is to protect the judgment creditor from unjustified adjournments of the sale, thus frustrating the right of the judgment creditor to sell the property in an effort to satisfy the judgment. The statute was not intended to preclude the parties in the underlying litigation from mutually consenting to an adjournment of the sale. Nor was the statute intended to prevent the judgment creditor alone from *198 further adjourning the sale. It would be in keeping with the apparent intent of the Legislature to regard consent of all interested parties as a surrogate for a court order authorizing an adjournment, and the Sheriff should not deny the request under those circumstances. Moreover, the statute was not intended to give the Sheriff the authority to deny a request for an adjournment. The statute was clearly intended to require a judgment debtor seeking a third or subsequent adjournment, without the consent of the judgment creditor to seek court approval, upon a showing of cause, in order to obtain further adjournments beyond the two allowed by the statute.
In light of our conclusion that the Sheriff lacks standing, we dismiss the appeal.
NOTES
[1] Since the sale took place before the appeal was filed, we could dismiss on the ground that the issue raised on appeal is now moot. Ordinarily, appellate courts, in order to preserve judicial resources, decline to consider moot issues. Zirger v. General Acc. Ins. Co., 144 N.J. 327, 330, 676 A.2d 1065 (1996). However, we may consider issues that have been rendered moot, if they are of substantial importance, likely to reoccur, and capable of evading review. Ibid. Primarily because we believe that the issue presented to us is capable of reoccurrence, we decline to dismiss the appeal as moot sua sponte.