876 A.2d 298 (2005)
378 N.J. Super. 449
WELLS FARGO HOME MORTGAGE, INC., Plaintiff-Appellant,
v.
Kevin STULL and Denise Stull, Defendants, and
Sheriff of Warren County, Respondent.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 2005.
Decided June 17, 2005.
*299 Richard P. Haber, argued the cause for appellant (Zucker, Goldberg & Ackerman, attorneys; Mr. Haber, of counsel and on the brief).
Nancy C. Gage, Denville, argued the cause for respondent (Bell & Gage, attorneys; Ms. Gage, on the brief).
Before Judges WEFING, PAYNE and C.S. FISHER.
The opinion of the court was delivered by
FISHER, J.A.D.
While we would have thought our recent decision in Bankers Trust Co. of Calif., N.A. v. Delgado, 346 N.J.Super. 103, 787 A.2d 195 (App.Div.2001) provided all the guidance required to decide the questions presented, we are unfortunately required *300 to reiterate that neither a judge nor a sheriff possesses the discretion to refuse to adjourn an execution sale of foreclosed property when requested by or with the consent of the judgment creditor. Because the order in question contradicts that principle and interferes with the goals of the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, we reverse.
Plaintiff Wells Fargo Home Mortgage, Inc., the holder of a mortgage on a Phillipsburg home owned by defendant Kevin Stull, commenced this foreclosure action upon his default and obtained an uncontested judgment of foreclosure on May 10, 2004. A writ of execution was issued by the Clerk and an execution sale scheduled for July 19, 2004.
The sale was adjourned to August 16, 2004 at Wells Fargo's request because the parties had entered into a forbearance agreement. When the Sheriff rejected a later application, Wells Fargo sought and obtained from the Chancery judge a second adjournment for a period of six weeks. The order of August 16, 2004 that memorialized this ruling further stated that "the Sheriff should consider any further adjournment requests made by" Wells Fargo. In addition, the order stated that any "further monitoring of this matter shall be the responsibility of the Foreclosure Unit of the Superior Court." These provisions raised concerns that the Chancery judge may have erroneously transferred her obligation to rule upon any further adjournment requests to the Sheriff or the Office of Foreclosure, or that she had abdicated any further role in these proceedings.
Justifiably concerned that its control over the scheduling of the execution sale would be subjected to the whim of the Sheriff, Wells Fargo moved for reconsideration. In an oral decision on September 24, 2004, the Chancery judge explained her intentions in entering the earlier order:
On August 16, this [c]ourt ordered a 6-week adjournment because it's the public policy of this [S]tate that homeowners be given every opportunity to pay their home mortgages and that lenders will be benefited when residential mortgage debtors can cure their defaults and return defaulted residential mortgage loans to performing status. A literal reading of [N.J.S.A. 2A:17-36] suggests that a Sheriff may make two discretionary adjournments, and no more, and that only a Court Order may permit additional adjournments. There is no guidance that we could find with respect to unlimited plaintiff's adjournments which the plaintiff in this particular matter is requesting, and also wants to have the unlimited adjournments without explanation.
For the reasons argued by Warren County counsel in terms of the problems to the Sheriff and to the public, the Court does not believe that plaintiff should have unfettered adjournments without anyone's permission. But I think there is some confusion as to what the Court originally intended.
The handwritten notation on the Order that said the Sheriff "shall consider" was not intended to grant full discretion to the Sheriff as to whether or not there could be an adjournment. It was intended to mean that he was to consider the request, and if all parties were in agreement, the plaintiff and the Sheriff's Department, then the adjournment would be granted without the Court's involvement. However, if there is an objection to the adjournment, the parties would need to return to court to have the Court decide whether the case should be adjourned or not.[1] *301 With that, the motion for reconsideration was denied and Wells Fargo appealed.
We initially consider whether the appeal has been rendered moot. This possibility is generated by the fact that Wells Fargo requested no further adjournments. As a result, the procedure adopted by the Chancery judge was never put into effect in this case. However, Wells Fargo contends, and the Sheriff does not dispute, that the adjournment practice in Warren County as outlined in the August 16 order and the Chancery judge's oral decision remains unchanged and has inhibited, or may inhibit in the future, meritorious requests for adjournments in other foreclosure actions. Considering that the parties agree that the order in question is representative of the manner in which other adjournment requests are being handled in Warren County, we choose to decide the issues raised because they are of substantial importance and are likely to reoccur but are also capable of evading review. Zirger v. General Acc. Ins. Co., 144 N.J. 327, 330, 676 A.2d 1065 (1996); Bankers Trust, supra, 346 N.J.Super. at 106 n. 1, 787 A.2d 195. In this regard, our concern is heightened by the fact that the order in question has an undeniable chilling effect on the availability of adjournments that a judgment creditor in Warren County may request or consent to, and mistakenly purports to imbue the Sheriff with discretion he does not otherwise possess. In that sense, the order contradicts what we said in Bankers Trust, is inconsistent with the overarching intent of the Fair Foreclosure Act, and compels our review of the merits of the parties' contentions.
Bankers Trust held that the statutes relating to the adjournment of sheriff sales, N.J.S.A. 2A:17-36[2] and N.J.S.A. 2A:61-5,[3] as considered in a context indistinguishable from the present matter, do not provide the sheriffs of this State with the discretion to deny an adjournment when requested either by the judgment creditor or with the mutual consent of the parties.[4] While it is true that *302 N.J.S.A. 2A:17-36 states that a sheriff may permit two adjournments of the sale "and no more," the statute further states that "a court of competent jurisdiction" may order, "for cause," other adjournments. As a result, these statutes have been understood as providing the parties with the vested right to two adjournments from a sheriff without court intervention.[5] Thereafter, the power to make a substantive ruling on an adjournment request resides solely with the court.
We do not mean to suggest, however, that a sheriff is not authorized to accede to an adjournment request sought or consented to by the judgment creditor because it is the judgment creditor that controls the timing of execution, see First Mut. Corp. v. Samojeden, 214 N.J.Super. 122, 127, 518 A.2d 525 (App.Div.1986), and because adherence to the judgment creditor's desires in this regard does not involve an exercise of discretion. We emphatically state, however, that a sheriff does not have the power to refuse an adjournment request of any kind by a judgment creditor nor grant contested adjournments beyond those permitted by statute.[6] Beyond that, the authority to resolve any controversies about the scheduling of a sheriff's sale resides solely with the court. Accordingly, the Chancery judge's declaration in this matter that the Sheriff "shall consider" any further adjournment requests  which could be interpreted as authorizing the Sheriff to deny an adjournment request made by a judgment creditor or sought with the judgment creditor's consent or empowering the sheriff to act beyond the specific terms of N.J.S.A. 2A:17-36  was invalid.
Even if we were to assume that the Chancery judge properly transferred her judicial powers to the Sheriff, it is clear that the Sheriff could not do what the Chancery judge also could not do and, thus, the Sheriff could not deny an adjournment request that the judgment creditor had either made or consented to.
In holding that Wells Fargo and other judgment creditors in this State possess an unfettered right to adjourn a sheriff's sale upon request  and certainly without interference from a sheriff  we emphasize the Legislature's intent in enacting the Fair Foreclosure Act:
The Legislature hereby finds and declares it to be the public policy of this State that homeowners should be given every opportunity to pay their home mortgages, and thus keep their homes; and that lenders will be benefited when residential mortgage debtors cure their defaults and return defaulted residential loans to performing status.
[N.J.S.A. 2A:50-54.]
As can be seen, this legislative declaration unmistakably indicates that there is no public policy that favors the rapid judicial sale of homes, and especially not when the judgment creditor is the party seeking or consenting to a slow down of the proceedings. Instead, the Fair Foreclosure *303 Act was designed to make clear the rights and remedies of both borrowers and lenders prior to and throughout the foreclosure process.[7] The Act's ultimate goal is to allow mortgage lenders their remedies while giving borrowers "every opportunity" to pay their mortgages and keep their homes.[8]N.J.S.A. 2A:50-54.
The judgment creditor's unfettered right to cause an adjournment of a sheriff's sale allows the judgment creditor greater freedom to work with the judgment debtor that cannot help but inure to the benefit of the judgment debtor. Adjournments of such sales are frequently required, and often at the last minute, in order to give judgment debtors the opportunity to retain their homes through, among other things, the refinancing of the mortgage, the formation of a forbearance or repayment agreement, the return of the existing mortgage to "performing status," or a private sale of the property. When working with judgment debtors to resolve their financial difficulties, judgment creditors often seek the postponement of sheriff sales. A rejection of a judgment creditor's request for an adjournment increases the likelihood, if not guarantees, that the property will be lost through an undesired sale.
The denial of a judgment creditor's request for an adjournment leaves the judgment creditor with one of two options: withdrawing the property from execution or allowing the sheriff's sale to go forward. Faced with the cost and concomitant delay caused by a re-advertising of the property if the first option is chosen, a judgment creditor might often simply allow the property to go to sale, with obvious dire consequences for the judgment debtor. Accordingly, it is readily apparent that the unfettered right of a judgment creditor to adjourn a sheriff's sale is in the best interest of borrowers and, thus, meets with the goal of the Fair Foreclosure Act that borrowers be given "every opportunity to ... keep their homes." N.J.S.A. 2A:50-54.
If this were not enough to end the attempts of some sheriffs to intervene in matters in which they are strangers, see Bankers Trust, supra, 346 N.J.Super. at 106, 787 A.2d 195, and have only ministerial obligations, Fidelity Union Bank v. Trim, 210 N.J.Super. 476, 477, 510 A.2d 98 (App.Div.1986), we would further observe that there are no valid competing public policies that would suggest a need to limit such adjournments.[9] The Chancery judge asserted, without explanation, that unfettered adjournments cause "problems" for the Sheriff and the public in general. We discern from the arguments of the parties that the Sheriff was concerned that the payment of his commission might be unscrupulously *304 avoided, or that a restriction on adjournments would allow him to better manage his calendar.
We reject these so-called "problems" as a basis for creating a different mechanism for seeking adjournments as explained in Bankers Trust. There are other ways in which a sheriff may insure the payment of a commission  assuming there is reason to believe that the payment of his commissions could be jeopardized by the adjournment of a sale  without causing a judgment debtor to unnecessarily lose his or her home by denying an adjournment of a sale. We also find specious the Sheriff's complaint that adjournments are an inconvenience that troubles the management of his office. To the extent it may be colorably argued that a sheriff's convenience should govern when a sale may be adjourned, we would observe that this inconvenience must give way to the more compelling goals of the Fair Foreclosure Act. We would also observe that the Legislature has provided that a sheriff is entitled to be compensated for the pain and trouble caused by an adjournment of a sale. N.J.S.A. 22A:4-8.
In order that there be no further confusion, we repeat and again endorse our holding in Bankers Trust:
In our view, the obvious intent of [N.J.S.A. 2A:17-36] is to protect the judgment creditor from unjustified adjournments of the sale, thus frustrating the right of the judgment creditor to sell the property in an effort to satisfy the judgment. The statute was not intended to preclude the parties in the underlying litigation from mutually consenting to an adjournment of the sale. Nor was the statute intended to prevent the judgment creditor alone from further adjourning the sale. It would be in keeping with the apparent intent of the Legislature to regard consent of all interested parties as a surrogate for a court order authorizing an adjournment, and the Sheriff should not deny the request under those circumstances. Moreover, the statute was not intended to give the Sheriff the authority to deny a request for an adjournment. The statute was clearly intended to require a judgment debtor seeking a third or subsequent adjournment, without the consent of the judgment creditor to seek court approval, upon a showing of cause, in order to obtain further adjournments beyond the two allowed by the statute.
[346 N.J.Super. at 106-07, 787 A.2d 195.]
See also 30A New Jersey Practice, Law of Mortgages § 35.3.
We can add nothing further to what was said in Bankers Trust except to simply state what a logical reading of N.J.S.A. 2A:17-36 and the Fair Foreclosure Act clearly demonstrates  adjournments of sales help borrowers because every adjournment presents an opportunity for the borrower to save his or her home. Whatever "problems" a judgment creditor's unfettered right to an adjournment of a sale causes the Sheriff of Warren County are inconsequential and pale in comparison to the more important goals of the Fair Foreclosure Act.
Reversed.
NOTES
[1] We assume that any applications such as were referred to in this last sentence of the oral decision would have been decided by the Chancery judge and not the Office of Foreclosure as the "further monitoring" provision in the August 16, 2004 order might suggest. The Office of Foreclosure is not empowered to make any rulings but instead provides a very valuable service to the courts in making recommendations on matters expressly described in R. 1:34-6 (the rule does not include the monitoring or resolution of requests for the adjournment of sheriff's sales within its carefully-defined scope).
[2] "A sheriff or other officer selling real estate by virtue of an execution may make two adjournments of the sale, and no more, to any time, not exceeding 14 calendar days for each adjournment. However, a court of competent jurisdiction may, for cause, order further adjournments."
[3] "Any officer or person mentioned in [N.J.S.A.] 2A:61-1 of this title making a sale of real estate governed by this chapter may, subject only to such limitations or restrictions upon the exercise of such power as may be specially provided by law, adjourn the same from time to time."
[4] To the extent N.J.S.A. 2A:61-5 may support the contention that a sheriff has broader discretion than described in N.J.S.A. 2A:17-36, it must be observed that N.J.S.A. 2A:61-5 is expressly subjected to "such limitations or restrictions ... as may be specially provided by law." The Fair Foreclosure Act expressly declares that adjournments of sheriff's sales are governed by N.J.S.A. 2A:17-36, thus subordinating the relevance of N.J.S.A. 2A:61-5 in foreclosure proceedings. See N.J.S.A. 2A:50-64(a)(2) ("With respect to the sale of a mortgaged premises under foreclosure action, each sheriff in this State shall provide ... (2) That adjournment of the sale of the foreclosed property shall be in accordance with N.J.S. 2A:17-36."). In addition, the discussion in the Court Rules of the sheriff's ability to adjourn a sale that is likewise subject to N.J.S.A. 2A:17-36 and the Fair Foreclosure Act. See R. 4:65-4 ("The sheriff ... may continue such sale by public adjournment, subject to such limitations and restrictions as are provided specially thereof.").
[5] The statutory prohibition on a sheriff's power to grant additional adjournments was meant to safeguard the judgment creditor from the unbridled granting of adjournments sought solely by a judgment debtor and without the judgment creditor's consent. Bankers Trust, supra, 346 N.J.Super. at 106-07, 787 A.2d 195.
[6] By the same token, a sheriff is obligated to reject any request for an adjournment by a judgment debtor once the sheriff has already made the two adjournments permitted by N.J.S.A. 2A:17-36 unless the request is consented to by the judgment creditor, leaving the judgment debtor to seek an adjournment from the court.
[7] For example, the Fair Foreclosure Act requires that, among other things, the lender give written notice of its intention to foreclose, N.J.S.A. 2A:50-56; provides the right of a borrower to cure the default at any time prior to the entry of judgment, N.J.S.A. 2A:50-57; and requires the lender to send a notice to the borrower prior to the entry of judgment and, if the borrower responds that there is a reasonable likelihood that the default can be cured within forty-five days, the lender may not seek to enter judgment at that time, N.J.S.A. 2A:50-58.
[8] The Fair Foreclosure Act provides incentives to lenders to work out defaults with their borrowers by permitting a borrower to waive rights available under the Act when such waiver is pursuant to a post-default workout agreement, N.J.S.A. 2A:50-61, and by permitting a lender to accept partial payments without prejudice, N.J.S.A. 2A:50-67.
[9] We again emphasize that we are not herein addressing the discretionary right of a judge to deny a judgment debtor's request for an adjournment beyond what N.J.S.A. 2A:17-36 permits. While this statute precludes the sheriff, the Chancery judge's power to grant such an adjournment is as expansive as equity will allow.