933 A.2d 32

WASHINGTON MUTUAL, FA, PLAINTIFF v. ANN MARIE WROBLEWSKI AND JEFFREY WROBLEWSKI, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Middlesex County Vicinage.

Decided April 10, 2007.

*Richard P. Haber,* for Plaintiff (*Zucker Goldberg & Ackerman*).
*Nicholas Khoudary,* for Defendants.

**FRANCIS, TRAVIS L., P.J. Ch.**

■ This is a foreclosure action wherein plaintiff, Citibank,[1] seeks reconsideration of this court's order of December 1, 2006, which was unopposed and required plaintiff to provide a discharge of mortgage upon defendant's satisfaction of a judgment of foreclosure.[2]

Plaintiff's motion pursuant to *R.* 4:49–2 is partially based on its claim of improper service of defendants' motion to discharge the mortgage which is the subject of this foreclosure action. Further, plaintiff claims that a copy of the filed order—which granted defendants' motion requiring plaintiff to return an overpayment of $2,267.99 and provide a discharge of mortgage to counsel—was not served on plaintiff until two weeks after it was entered.

These procedural issues aside, the substantive question presented is whether a mortgagor is entitled to a discharge of mortgage upon satisfaction of a final judgment of foreclosure or only entitled to warrant to satisfy judgment.

---

[1] It is undisputed that on or about August 29, 1994, defendants Jeffrey and Ann Marie Wroblewski executed to Bank United of Texas, FSB a mortgage in the sum of $107,000 on property located at 48 Hilliard Road in Old Bridge, NJ (the "property"). The mortgage was recorded in the Office of Middlesex County on September 6, 1994, Book 4788 at page 808. The subject mortgage was assigned to Citibank by assignment of mortgage from Bank United of Texas, FFB. The original documentation memorializing the same has been lost or misplaced by Citibank as set forth in the certification of counsel for Citibank in support of their Application for the Entry of Final Judgment. Although Citibank owned and held the note and mortgage, Washington Mutual Bank, FA, was the servicer.

[2] The mortgage discharge has apparently issued without the knowledge of counsel. Based on the documentation attached to defendant's supplemental submission, it would appear that plaintiff's successor did in fact send a discharge for recording. Nevertheless, both counsel agree that the legal issue surrounding the cross-motions is one which merits a judicial determination. The court has herein granted counsels' request that the legal issue be addressed by adopting the approach often employed by appellate courts when an issue is capable of repetition. *See, Zirger v. Gen. Accident Ins. Co.,* 144 *N.J.* 327, 676 *A.2d* 1065 (1996); *Bankers Trust v. Delgado,* 346 *N.J.Super.* 103, 106 n. 1, 787 *A.2d* 195 (App.Div.2001); *Wells Fargo Home Mortgage, Inc. v. Stull,* 378 *N.J.Super.* 449, 453, 876 *A.2d* 298 (App.Div.2005).

Plaintiff contends that based on the merger doctrine and the application of *N.J.S.A.* 2A:50–32, defendants are only entitled to a warrant to satisfy judgment. Plaintiff argues that the merger doctrine exists to avoid the inequitable disposition of defendants getting the benefit of paying the lesser foreclosure judgment amount, as opposed to the full contractual amount due plaintiff, while also receiving the same benefit as a non-defaulting mortgagor who pays the contracted obligation in full in the form of a discharge of mortgage.

Conversely, defendants contend that *N.J.S.A.* 2A:50–32 is silent on the issue of discharging a mortgage; hence, the mortgagee is not relieved of its obligation to discharge the mortgage based upon the satisfaction of the same by paying the judgment amount. Defendants further contend that *N.J.S.A.* 48:18–11.2 is controlling and once the foreclosure judgment is satisfied, the statute requires a mortgagee to issue a discharge of mortgage.

Defendants raise a practical disadvantage to plaintiff's analysis. Specifically, before issuing a title insurance policy, an insurer must incur additional costs in order to confirm the marketability of seller's title based on a title search revealing an "open mortgage." Defendants argue that a title insurer must secure copies of the final judgment, and the amount to satisfy judgment, which may or may not be filed.

In further support of their position, defendants submit the certification of a title searcher who recites that, before a title insurer will issue a policy, an open mortgage requires the "appropriate investigation" and "a determination that a final judgment has been entered in the foreclosure and has been satisfied." While the court recognizes that there is a commercial aspect to defendants' assertions that the information necessary for a title company regarding a foreclosure and judgment should be readily available within the scope of the average title search, following the satisfaction of the judgment defendants' remedy is to proceed pursuant to *N.J.S.A.* 2A:51–1 and seek a court order cancelling the mortgage.

The statute governing when a warrant of satisfaction is to be issued in foreclosure matters states in relevant part:

*N.J.S.A.* 2A:50–32 Satisfaction of judgment for foreclosure and sale

When a judgment for the foreclosure and sale of mortgaged premises is paid and satisfied, other than by a sale of the premises, satisfaction thereof shall be entered by the clerk by virtue of a duly acknowledged or proved warrant or authority from the party receiving satisfaction, or from his attorney of record.

The statute governing when a discharge of mortgage is to be issued states in relevant part:

*N.J.S.A.* 46:18–11.2 Cancellation of mortgage after satisfaction

b. (1) When any mortgage registered or recorded pursuant to *N.J.S.A.* 46:17–1 shall be redeemed, paid and satisfied and the mortgagee is a bank, savings bank, savings and loan association, credit union or other corporation in the business of making or purchasing mortgage loans, that mortgagee, its agents or assigns shall:

(a) cause the mortgage to be submitted to the county recording officer for cancellation of record within 30 days of receipt of all fees which are required to be paid by the mortgagor pursuant to this subsection; and

(b) send to the mortgagor or mortgagor's agent at the same time the mortgage is sent to the county recording officer for cancellation of record a copy of the letter of transmittal which the mortgagee sent to the county recording officer requesting the cancellation of the mortgage of record.

The above statutes describe what is to happen "[W]hen a judgment for the foreclosure and sale of mortgaged premises is paid and satisfied," *N.J.S.A.* 2A:50–32 as opposed to what is to happen "[w]hen any mortgage registered or recorded pursuant to *N.J.S.A.* 46:17–1 shall be redeemed, paid and satisfied." *N.J.S.A.* 46:18–11.2. In the first instance, a warrant of satisfaction is to be issued. In the second, a discharge of the mortgage is to be issued.

In this case, neither party has provided sufficiently strong equitable arguments for relief outside the obvious interpretation of the rules. The strongest equitable argument has been the one provided by plaintiff who noted that the mortgagors chose to pay the lower redemption price after sheriff's sale, rather than the price contracted in order to obtain a discharge. Granting a discharge under these circumstances would serve to "reward" a defaulting mortgagor who redeems simply by paying the sheriff because it gives the defaulting mortgagor exactly what a party who contractually pays its obligations in full received. Of course,

that reward would seemingly disappear were the sheriff to record warrants of satisfaction.

It is the contention of plaintiff that upon the entry of final judgment of foreclosure a mortgage "merges" into the final judgment. Hence, the mortgage ceases to exist and cannot be "redeemed, paid and satisfied" under *N.J.S.A.* 46:18–11.2. Instead, only the "judgment for the foreclosure and sale of [the] mortgaged premise" can be satisfied under *N.J.S.A.* 2A:50–32, entitling defendants only to a warrant of satisfaction. *N.J.S.A.* 2A:50–32. It is well settled that the mortgage merges into the final judgment of foreclosure. *Virginia Beach Fed. v. Bank of New York, et al.,* 299 *N.J.Super.* 181, 188, 690 *A.*2d 1040 (App.Div.1997). Under New Jersey law, the mortgage is merged into the final judgment of foreclosure and the mortgage contract is extinguished. *In re Roach,* 824 *F.*2d 1370, 1377 (3d Cir.1987). As a result, upon entry of a foreclosure judgment, all contractual rights under the mortgage are merged into the foreclosure judgment. *Ibid.* The merger doctrine provides that, upon foreclosure, the mortgage merges into the final judgment of foreclosure and "every party . . . has the right to assume that such decree represents the final determination of the debt," *Colonial Bldg–Loan Ass'n v. Mongiello Bros., Inc.,* 120 *N.J. Eq.* 270, 276, 184 *A.* 635 (Ch.Div.1936).

Even if a mortgage were not extinguished when a judgment is entered, a final state court foreclosure judgment in New Jersey establishes rights in the property distinct from those conferred by the mortgage. Under New Jersey law, "the final judgment in an action to foreclose real estate mortgage fixes the amount due under the mortgage and directs the sale of the real estate to raise funds to satisfy the amount due." *Roach, supra,* 824 *F.*2d at 1377–78 (citing *Eisen v. Kostakos,* 116 *N.J.Super.* 358, 364, 282 *A.*2d 421 (App.Div.1971); *Central Penn Nat'l Bank v. Stonebridge Ltd.,* 185 *N.J.Super.* 289, 301–02, 448 *A.*2d 498 (Ch. Div.1982)). "In New Jersey, as in many states, the mortgage is merged into the final judgment of foreclosure and the mortgage contract is extinguished." *Roach, supra,* 824 *F.*2d at 1377. More-

over, all the terms, including the rights and obligations under the mortgage such as pledged rents, merge into the foreclosure judgment and the only thing remaining is the foreclosure judgment itself. *Id.* at 1370. Chancellor Walker, in the case of *Hudson Trust Co. v. Boyd,* 80 *N.J. Eq.* 267, 269, 84 *A.* 715 (Ch.1912) said:

> Now, the mortgage is very effectually continued when merged into a decree of foreclosure, which can be enforced by execution at any time within twenty years (on notice to defendant after the lapse of six years), and, under the terms of the decree, the defendants are not foreclosed of the equity of redemption until the premises are actually sold by virtue thereof.
>
> In fact when merged into a decree the debt which before was one by *specialty* becomes one of *record.* A debt of record, says Blackstone, is a contract of the highest nature, being established by the sentence of a court of judicature. 2 *Bl. Com.* 465. A debt of record is a sum of money which appears to be due by the evidence of a court of record. 2 *Words and Phrases* 1891. See, also, *New Jersey Insurance Co. v. Meeker,* 37 *N.J. Law* (8 Vr.) 282, 301. A judgment debt is one which is evidenced by matter of record. *Bouv. Dict.* (Rawle's Rev.) 513. A debt by specialty is a sum of money due or acknowledged to be due by deed or instrument under seal. 2 *Bl. Com.* 465.
>
> . . . .
>
> After decree the proceedings are under the control of the court, and will only be opened in order to prevent fraud or mistake. *Consolidated Elec. Storage Co. v. Atlantic Trust Co.,* 50 *N.J. Eq.* 93, 24 *A.* 229 (Ch.Div.1892)

Moreover, in the matter of *Colonial Bldg–Loan Ass'n, supra,* 120 *N.J. Eq.* at 275–76, 184 *A.* 635, Chancellor Kays held:

> It is quite obvious that such must be the law and that every party to the suit is bound thereby and has the right to assume that such decree represents the final determination of the debt and amount due thereunder as therein stated and that such debt draws legal interest from the date of its record and no more and that such decree cannot be considered as non-existent for the purpose of allowing a complainant and defendant to continue a contract which was settled by the entry of such decree which would effect the interest of another defendant who is not a party to such agreement. If this were not so other creditors of a defendant could never be sure that the defendant's rights and liabilities under a decree had been finally established.

Defendants contend that when the final judgment is satisfied, the lender should no longer have a claim for monies due. Where the lender no longer has a claim for said monies, the mortgagor should then be entitled to a discharge of the mortgage. Therefore, upon satisfaction of the final judgment, both statutes are satisfied and hence both would apply, thereby entitling the mort-

gagor to both the satisfaction of judgment and satisfaction of the mortgage.

However, the court finds that defendants' argument effectively ignores the merger doctrine and the fact that, consistent with the merger doctrine, defendant's mortgage ceased to exist on September 23, 2005. It was legally impossible to discharge that which no longer existed based on the mortgage being transubstantiated into a judgment by virtue of the foreclosure process.

Plaintiff's motion for reconsideration is granted.