**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3766-22

CRAIG BLACKMON,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Argued September 10, 2025 – Decided September 23, 2025

Before Judges Gooden Brown and Torregrossa-O'Connor.

On appeal from the New Jersey State Parole Board.

Yiqing Shi (Arnold & Porter Kaye Scholer LLP) of the New York bar, admitted pro hac vice, argued the cause for appellant (Arnold & Porter Kaye Scholer LLP, attorneys; Lee M. Cortes, Jr. and Yiqing Shi, on the briefs; Paul D. Golian, Assistant General Counsel, on the briefs).

Christopher C. Josephson, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen,

Assistant Attorney General, of counsel; Christopher C. Josephson, on the brief).

Kevin S. Finckenauer argued the cause for amicus curiae New Jersey Office of the Public Defender (Jennifer Nicole Sellitti, Public Defender, attorney; Kevin S. Finckenauer, of counsel and on the brief).

PER CURIAM

Appellant Craig Blackmon, a former State prison inmate, appeals from a June 28, 2023 New Jersey State Parole Board (Board) final decision affirming his future parole eligibility date (PED) and commutation credit calculation after his 2017 parole denial. The Board rejected defendant's claim that he was entitled to an increase in commutation credit[1] based on the length of his entire sentence rather than the length of his additional future eligibility term (FET) as the Board determined. Because appellant was paroled while this appeal was pending, rendering the issue of his own PED calculation now entirely academic, we dismiss the appeal as moot.

I.

We briefly summarize the following salient facts and procedural history, derived from the record and from our decision in 2019, affirming the Board's

---

[1] Commutation credit is given for "continuous orderly deportment," N.J.S.A. 30:4-140, commonly termed "good behavior" credit.

decision denying appellant parole and imposing a 120-month FET. See Blackmon v. State Parole Bd., No. A-1020-18 (App. Div. Oct. 11, 2019) (slip op. at 1).

In 1988, appellant was convicted of murder and aggravated sexual assault and sentenced to life imprisonment with a mandatory minimum term of thirty-two-and-a-half years. See ibid. At the time of his first parole eligibility in November 2017, the Board denied his parole, and on January 3, 2018, it imposed a ten-year FET. The Board found appellant "lacked insight into what motivated him to ingest the drugs that led to his violent behavior, did not fully recognize the severity of his acts, and had inadequate introspection into the personality traits that resulted in his crimes." Id. at 1-2. We affirmed the Board's decision on appeal, concluding it was "supported by sufficient credible evidence" in the record. Id. at 6. We noted "the 120-month FET would result in a projected parole eligibility date in March 2024, after reduction for commutation, work, and minimum custody credits." Id. at 3.

Five years later, the Board received a letter from appellant, post-marked April 5, 2023, but dated April 4, 2018, challenging his future parole eligibility calculation and requesting a "recalculation of [his] FET." Appellant claimed entitlement to commutation credit at the rate of 192 days per year for each

additional year over the thirty years he had already served, pursuant to the credit schedule set forth in N.J.S.A. 30:4-140.

The Board denied appellant's requested credit adjustment and, by letter dated April 12, 2023, advised appellant "the award of commutation credit on a progressive basis applie[d] only to the calculation of the initial parole eligibility date and . . . upon denial of parole and establishment of a[n] [FET], a new parole eligibility date [wa]s calculated by adding the future eligibility term to the revised book eligibility date . . . including commutation credit based on the future eligibility term only." The Board cited this court's decision in Alevras v. Delanoy, 245 N.J. Super. 32 (App. Div. 1990).

In Alevras, this court considered the same arguments advanced by appellant here. Ibid. The panel determined that although N.J.S.A. 30:4-123.56(b) mandated that the Board consider "usual remissions of sentence for good behavior" when setting a schedule for future parole eligibility, the Board's rule, then set forth in N.J.A.C. 10A:71-3.2(c)(7),[2] limiting commutation credit determinations after parole denial to the additional FET term only, was not in

_____

[2] A 1990 amendment to N.J.A.C. 10A:71-3.2 moved the post-parole denial commutation credit provision formerly in subsection (c)(7) to subsection (c)(8), although the provision remained substantively identical. Thus, when we reference N.J.A.C. 10A:71-3.2(c)(8) in this opinion, we address the same provision cited and analyzed as N.J.A.C. 10A:71-3.2(c)(7) in Alevras.

conflict with the enabling statute. Id. at 37. The Alevras court concluded the statute merely "instruct[ed]" the Board to "take into account usual remissions," but did not "direct the manner in which remission should be taken into account," and "delegate[d]" that determination to the Board's authority. Ibid. Accordingly, the court concluded that the Board lawfully promulgated N.J.A.C. 10A:71-3.2(c)(7). Id. at 37-38.

By Final Agency Decision, dated June 28, 2023, the Board denied appellant's administrative appeal of the initial decision. The Board again cited Alevras, 245 N.J. Super. at 32, and N.J.A.C. 10A:71-3.2(c)(8), and reiterated that after parole is denied, the new PED is calculated by applying "commutation credits based on the additional term [(FET)] only." Accordingly, it affirmed application of 996 days commutation credits based on the ten-year FET.

Although appellant filed this appeal on July 26, 2024, he was subsequently granted parole on June 17, 2024, and released. We previously denied the Board's preliminary motion to dismiss this appeal as moot. Appellant again contends that, despite his release, his appeal is not moot, as the issues could impact other similarly situated inmates and is "capable of evading review."

He further argues:

POINT I

THE COURT SHOULD REVERSE THE BOARD'S DECISION BECAUSE THEY FAILED TO GRANT [APPELLANT] THE STATUTORILY REQUIRED COMMUTATION CREDITS.

    A. Statutory Background

    B. Legal Standard

    C. The Parole Board's Rule on Future Eligibility Term Conflicts With the Plain Language of the Statute

    D. Alevras v. Delanoy Was Wrongly Decided

    E. [Appellant] Should Receive 1920 Days for the Duration of His FET

Appellant asserts N.J.A.C. 10A:71-3.2(c)(8) cannot be lawfully applied to reduce the statutorily mandated credit calculation in N.J.S.A. 30:4-140, and its promulgation violated the Board's obligation to formulate a new post-parole denial PED applying "usual" credit for good behavior. The Office of the Public Defender, appearing amicus curiae in support of appellant's appeal, joins in that argument and asks that we determine the Board exceeded its authority in promulgating N.J.A.C. 10A:71-3.2(c)(8) and "overrule" our prior decision in Alevras. Appellant and the OPD assert that the Board contravened the plain

language of then-existing N.J.S.A. 30:4-123.56(b) requiring any rule grant those denied parole "the usual remissions." They argue that, here, N.J.S.A. 30:4-140 required 192 days for each year served over thirty years. They concede that this appeal no longer impacts appellant, but contend the issues are not moot and may impact others in the future, requiring this court to address the substantive issues and overrule Alevras and declare N.J.A.C. 10A:71-3.2(c)(8) invalid.

II.

Our review of a Parole Board's decision is limited and deferential. See Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179-80 (App. Div. 2004). "Appellate review of parole determinations 'focuses upon whether the factual findings made by the Parole Board could reasonably have been reached on sufficient credible evidence in the record.'" Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019) (quoting Trantino v. N.J. State Parole Bd., 166 N.J. 113, 199 (2001) (Baime, J., dissenting)). Accordingly, "[w]e will reverse a decision of the Board only if the offender shows that the decision was arbitrary or unreasonable, lacked credible support in the record, or violated legislative policies." K.G. v. N.J. State Parole Bd., 458 N.J. Super. 1, 30 (App. Div. 2019). However, we review questions of law de novo. See Perry, 459 N.J. Super. at 193-94.

Importantly, "controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993). "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)).

"Mootness is a threshold justiciability determination." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). Accordingly, although we denied the Board's motion to dismiss on a limited record, we continue to consider whether there remains a justiciable controversy to be decided. See Bankers Tr. Co. of Cal., N.A. v. Delgado, 346 N.J. Super. 103, 106 n.1 (App. Div. 2001) (explaining that this court is empowered to "dismiss [a claim] on the ground that the issue raised on appeal is now moot" "in order to preserve judicial resources[] [and may] decline to consider moot issues," even acting sua sponte).

The vital inquiry into mootness ensures that "judicial power is . . . exercised to strike down governmental action only at the instance of one who is himself harmed, or immediately threatened with harm, by the challenged

conduct." Jackson v. Dep't of Corr., 335 N.J. Super. 227, 231 (App. Div. 2000). "A case is moot if the disputed issue has been resolved, at least with respect to the parties who instituted the litigation," and "a judgment cannot grant effective relief, or there is no concrete adversity of interest between the parties." Caput Mortuum, L.L.C. v. S & S Crown Servs., Ltd., 366 N.J. Super. 323, 330 (App. Div. 2004).

Applying these well-settled principles, we conclude the appeal is moot. Appellant is no longer incarcerated. Thus, our decision would exact no impact on appellant's release, which has already occurred. See Betancourt, 415 N.J. Super. at 311 ("[A]n issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." (internal quotation marks omitted) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006))).

We recognize that we may consider issues no longer in controversy when "the underlying issue is one of substantial importance, likely to reoccur but capable of evading review." Betancourt, 415 N.J. Super. at 311 (quoting Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996)). This is not such a case.

As N.J.S.A. 30:4-123.56 was amended to eliminate entirely the application of any commutation credit to FETs, our determination holds

significance to only a finite number of potentially similarly situated inmates. The challenges asserted by appellant were addressed by this court in <u>Alevras</u>, and we perceive no necessity to disturb that decision in the absence of a specific case in controversy. More importantly, we are not persuaded that any future claims would evade review. Just as appellant raised these challenges before the Board and subsequently sought review before this court, any potential future inmates seeking to raise a similar challenge would be afforded the same avenues of administrative review and appeal of their PED determinations.

Appeal dismissed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3766-22