## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1134-24

UNITY BANK,

    Plaintiff-Respondent,

v.

ANTHONY CAPPUCCIO,

    Defendant-Appellant,

and

MARY ELIZABETH CAPPUCCIO
and LISA J. VITALE,

    Defendants.

_____

        Submitted October 21, 2025 – Decided December 26, 2025

        Before Judges DeAlmeida and Torregrossa-O'Connor.

        On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-012920-23.

        Anthony Cappuccio, self-represented appellant.

Fein, Such, Kahn & Shepard, PC, attorneys for respondent (Richard A. Gerbino, on the brief).

PER CURIAM

In this residential foreclosure matter, defendant Anthony Cappuccio appeals from the November 22, 2024 Chancery Division order, denying defendant's motion to vacate the uncontested final judgment of foreclosure entered on June 13, 2024. Discerning no abuse of discretion, we affirm.

On October 3, 2020, defendant, Lisa J. Vitale, and Mary Elizabeth Cappuccio,[1] executed a promissory note to plaintiff Unity Bank in the amount of $607,500. Defendant does not dispute subsequently defaulting on the loan.

As a result of defendant's non-payment, plaintiff filed a complaint on November 8, 2023, which was amended in January 2024, seeking to foreclose on residential property located in Berkeley Heights, which plaintiff alleged secured the loan, along with a mortgage on property in Washington Township.

Defendant never answered or asserted defenses to the foreclosure. Instead, defendant moved to enjoin the seizure and sale of the property. In denying defendant's application, the court clarified "[t]he appropriate manner by

---

[1] Because Mary Elizabeth Cappuccio shares defendant's last name, we refer to her by her first name to avoid confusion. She is not a party to this appeal; nor is Lisa J. Vitale.

A-1134-24

which [d]efendant may obtain the relief . . . is to defeat [p]laintiff's allegations by way of answering the [c]omplaint as well as via motion practice." When defendant thereafter failed to file an answer, the court entered default against defendant in March 2024, and plaintiff obtained an uncontested final judgment on June 13, 2024. The final judgment ordered sale of the Berkeley Heights property, physically described in an attached Schedule A, to satisfy the amount due and owing, and further ordered sale of the Washington Township property, described in an attached Schedule B, should the proceeds of the Berkeley Heights sale fail to satisfy the judgment.

On October 28, 2024, defendant filed a motion to vacate final judgment pursuant to Rule 4:50-1(d), claiming the final judgment was void, and Rule 4:50-1(f), asserting exceptional circumstances warranted vacating the judgment. Defendant claimed plaintiff submitted with its foreclosure complaint a mortgage for the Washinton Township property and failed to present the mortgage for the Berkeley Heights property.[2] He further alleged plaintiff never established its right to foreclose and contended the records supporting plaintiff's foreclosure

---

[2] Neither party included a copy of the Berkeley Heights mortgage in the appellate record.

application did not reflect plaintiff as the holder of the Berkeley Heights note or mortgage.

Although the Berkeley Heights property was sold on October 30, 2024 at the sheriff's sale, the court vacated the sale by consent order two days later. Thereafter, on November 22, 2024, the court denied defendant's motion to vacate and issued an accompanying thorough written statement of reasons.

The court summarized defendant's arguments, expressly identifying defendant's claim that plaintiff's foreclosure submission did not present the mortgage encumbering the Berkeley Heights property. Citing applicable law and standards governing motions to vacate final judgments under Rule 4:50-1 (d) and (f), the court determined defendant established "no basis to vacate," and concluded the judgment was properly granted.

The court specifically found "[t]he final judgment [wa]s not void under subsection (d), as the Office of Foreclosure considered the subject mortgage, which encumber[ed] the property located in Berkeley Heights." The court rejected defendant's claim the foreclosure documents pertained to the wrong property and confirmed "the property description of the mortgage" accurately identified the Berkeley Heights property, quoting the language from the document. The court similarly denied as "without merit" defendant's claim for

relief under subsection (f), finding plaintiff did not demonstrate any "exceptional" circumstances making enforcement of the final judgment "unjust, oppressive, or unreasonable."

Defendant timely appealed the denial of his motion to vacate. Thereafter, the Berkeley Heights property was sold at a sheriff's sale to a third-party purchaser.[3]

On appeal, defendant argues the court abused its discretion in declining to vacate the final judgment. He again contends no judgment or note pertaining to the Berkeley Heights property was provided to the Office of Foreclosure, "and there is no executed mortgage Note or Promissory Note by [d]efendant . . . for the said premises."[4]

---

[3] Mary Elizabeth filed a bankruptcy petition on December 16, 2024, which was dismissed three months later. No attempts were made to redeem the property during that period.

[4] Additionally, although not previously raised in his motion to vacate, defendant now claims the court erred in "not conclud[ing] that the [f]inal [j]udgment . . . was recommended by the 'Office of Foreclosure,'" or finding "that [t]he Office 'is not empowered to make any rulings but instead provides a very valuable service to the courts in making recommendations on matters expressly described in R. 1:34-6.'" (Quoting Wells Fargo Home Mortg., Inc. v. Stull, 378 N.J. Super. 449, 452 n.1 (App. Div. 2005)). We need not address the argument the court somehow abdicated its authority to the Office of Foreclosure as it was not raised before the motion court. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). For completeness, however, we note our

We review a trial court's decision on a motion to vacate a default judgment for abuse of discretion.  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).  "The trial court's determination under . . . [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be clear to warrant reversal.  Ibid.  An abuse of discretion occurs only if a court's "decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Ibid. (internal quotation marks omitted).

Here, defendant moved to vacate the judgment under sections (d) and (f) of Rule 4:50-1.  A "void judgment" is "[a] judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected. . . . From its inception, a void judgment continues to be absolutely null."  Gobe Media Grp., LLC v. Cisneros, 403 N.J. Super. 574, 577 n.1 (App. Div. 2008) (alteration and omission in original) (quoting Black's Law Dictionary, 861 (Deluxe 8th ed. 2004)).  "If a judgment is void and, therefore, unenforceable, it is a particularly worthy candidate for relief [pursuant to] []R[ule] 4:50-1(d)[,] provided that the time lapse is not unreasonable and an

satisfaction defendant's argument rests on a basic misunderstanding of the uncontested foreclosure process.

6

innocent third party's rights have not intervened." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003).

Rule 4:50-1(f) is a "catch-all" provision incapable of categorization. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009). Relief under Rule 4:50-1(f) is available only when "truly exceptional circumstances are present," because of the "importance that we attach to the finality of judgments." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (citing Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). Not only must the movant "demonstrate the circumstances are exceptional" but also that "enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

We recognize plaintiff asserts the sale of the property to a bona fide third-party purchaser has rendered defendant's appeal moot. We also acknowledge the compelling "interest . . . in protecting the rights of innocent third-party purchasers at [a] [s]heriff's sale." G.E. Cap. Mortg. Servs., Inc. v. Marilao, 352 N.J. Super. 274, 277 (App. Div. 2002); see also GMAC Mortg., LLC v. Willoughby, 230 N.J. 172, 189 (2017) (holding a mortgagor was "not entitled to specific performance if her home has been sold to a bona fide, good faith purchaser"). Nonetheless, because defendant contends the judgment is void ab

A-1134-24

initio, we have considered his substantive arguments and view them "without sufficient merit to warrant discussion in a written opinion."  R. 2:11-3(e)(1)(E).

We note only that we discern no abuse of discretion in the court's findings. Although defendant never filed a contesting answer to the foreclosure complaint or properly challenged its merits, the court specifically addressed and rejected defendant's challenges to the supporting foreclosure documents and confirmed their accuracy.  Thus, we perceive no basis to disturb the court's determination, as we are satisfied defendant neither demonstrated the judgment was void nor presented exceptional circumstances impacting the legality or enforceability of the judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1134-24