OPINION
PER CURIAM.
Herbert Blakeney, a death row inmate at the State Correctional Institution at Greene, Pennsylvania, appeals pro se from the District Court’s sua sponte dismissal of his complaint. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6
Blakeney filed an application to proceed in forma pauperis and a complaint against Edward Marsico, District Attorney of Dauphin County, Pennsylvania, Honorable Richard A. Lewis, President Judge of the Dauphin County Court of Common Pleas, and David Donaldson, of the Administrative Office of Pennsylvania Courts. Blake-ney appears to seek declaratory and in- *779 junctive relief, as well as compensatory and punitive damages, against defendants for their handling of the “hand-written [sic] private criminal complaint” he filed in July 2003 regarding his criminal conviction.[1] Blakeney further alleges that defendants’ “actions” against him were discriminatory on the basis of his race, and that, as a result, he has been deprived of his opportunity to seek redress for grievances including perjury. The District Court granted Blakeney leave to proceed in for-ma, pauperis and dismissed his complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a claim.
The District Court determined that the defendants were each entitled to absolute immunity from suits for damages in the performance of judicial acts, see Forrester v. White, 484 U.S. 219, 225-26, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), functions closely associated with the judicial process, see Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985), and actions relating to the initiation and prosecution of a criminal matter, see Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), respectively. As such, the Court concluded, each defendant was shielded from Blakeney’s allegations regarding his handling of and response to the private criminal complaint. In addition, the District Court determined, even if his claims for damages were based on actions not protected by absolute immunity, Blakeney’s cause of action attributable to his allegedly unconstitutional criminal conviction has not yet accrued because his conviction has not been invalidated. Therefore, he cannot yet recover damages under section 1983 for an allegedly unconstitutional conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).
Blakeney timely appealed. We have granted Blakeney in forma pauperis status, and we now exercise plenary review over the District Court’s sua sponte dismissal under section 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000).
We agree with the District Court that defendants are absolutely immune from suit to the extent that Blakeney seeks monetary damages and to the extent that he seeks injunctive relief as to Judge Lewis and David Donaldson.[2] However, prosecutors are not immune from suit as to requests for declaratory or injunctive relief. Supreme Court of Va. v. Consumers Union of the U.S., 446 U.S. 719, 736, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); Jorden v. National Guard Bureau, 799 F.2d 99, 110 (3d Cir.1986). Absolute prosecutorial immunity thus does not bar Blakeney’s claims for declaratory and injunctive relief against Marisco.
The District Court determined that Blakeney’s claims for declaratory and in-junctive relief were barred by Heck v. Humphrey, 512 U.S. at 486-487, 114 S.Ct. 2364 (plaintiffs seeking relief under section 1983 for harm cased by actions that, if determined to be unlawful, would render a conviction or sentence invalid, is not cognizable under section 1983). Whether or not that is so, our review of the complaint reveals that Blakeney is not entitled to the declaratory or injunctive relief he seeks for other reasons. See Erie Telecomm., Inc. v. City of Erie, 853 F.2d 1084, 1089 n. 10 (3d Cir.1988) (“An appellate court may af *780 firm a correct decision by a lower court on grounds different than those used by the lower court in reaching its decision.”).
Blakeney seeks a declaration that “the defendants’ acts, policies and practices ... violate [his] rights under the U.S. [sic] and PA. [sic] constitution [sic].” To satisfy the standing and “case or controversy” requirements of Article III, a party seeking a declaratory judgment “must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.” Bauer v. Texas, 341 F.3d 352, 358 (5th Cir.2003) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants’ “acts” and “policies” violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney’s rights in the past as he alleges, he is not entitled to a declaration to that effect. See Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner’s Section 1983 claim for prospective relief where appellant “has done nothing more than allege past exposure to unconstitutional state action”).
Blakeney seeks preliminary and permanent injunctive relief requiring the defendants to process his complaint “in accordance to law,” to allow him to amend and file motions for change of venue, and to appoint counsel, among other requests. Even if defendants violated Blakeney’s rights in the past as he alleges, he does not allege that he has any reason to believe that he might suffer such treatment in the future. His claim for injunctive relief is thus purely speculative and does not present a “case or controversy” under Article III. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-110, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Moreover, as the acts of which he complains were not ongoing at the time that he filed the complaint, the relief he seeks is not properly characterized as injunctive. See United States v. Or. State Med. Soc’y, 343 U.S. 326, 333, 72 S.Ct. 690, 96 L.Ed. 978 (1952).
Accordingly, the District Court properly dismissed Blakeney’s complaint. As the appeal does not present a substantial question, we will summarily affirm the District Court’s judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

. Blakeney filed the 2003 complaint against numerous defendants, including police officers, correctional officers, and the District Attorney, for claims such as unlawful imprisonment, perjury, and conspiracy relating to his criminal trial, conviction, and sentencing.

. Injunctive relief is not available for acts that Judge Lewis took in his judicial capacity. 42 U.S.C. § 1983. There is no allegation of Donaldson's personal involvement in the handling of the criminal complaint. See Kossler v. Crisanti, 564 F.3d 181, 198 (3d Cir.2009).