**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1550
_____

GREGORY THOMAS,
                                                    Appellant

v.

HONORABLE DARNELL C. JONES, II; THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY; HONORABLE D. WEBSTER KEOGH, Administrative
Judge of the Court of Criminal Justice Center; MAYOR OF THE CITY OF
PHILADELPHIA; THE CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-02246)
District Judge:  Honorable Joseph H. Rodriguez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2011
Before:  AMBRO, CHAGARES AND GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 19, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Gregory Thomas appeals the District Court's order dismissing his

complaint. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1989, Thomas was convicted in the Philadelphia Court of Common Pleas of first- and second-degree murder and sentenced to two concurrent terms of life imprisonment. The Pennsylvania Superior Court affirmed the judgment, and the Pennsylvania Supreme Court denied Thomas's petition for allowance of appeal. The Pennsylvania courts likewise denied relief to Thomas on collateral review. Thomas then filed a petition under 28 U.S.C. § 2254, in which he alleged, among other things, that his trial counsel was ineffective. The United States District Court for the Eastern District of Pennsylvania denied Thomas's petition, and we declined to issue a certificate of appealability.

In 2010, Thomas filed the instant complaint under 42 U.S.C. § 1983. He alleged that he had been denied effective assistance of counsel during his criminal trial in violation of his Fifth, Sixth, and Fourteenth Amendment rights. According to Thomas, the fee schedule for court-appointed counsel in Philadelphia — a schedule that he claims the defendants, collectively, created and administer — is grossly inadequate. Thomas contends that due to a lack of funds, his trial counsel was unable to hire a private

investigator or otherwise perform an appropriate pretrial investigation.[1]

The District Court dismissed Thomas's complaint. The Court concluded that because success on the merits of Thomas's claims would imply the invalidity of his state conviction, they were barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Court further determined that to the extent that Heck did not bar Thomas's claims, the statute of limitations did, because while § 1983 is subject to a two-year limitations period, see Smith v. Holtz, 87 F.3d 108, 111 n.2 (3d Cir. 1996), Thomas's allegations concerned events that occurred over 20 years ago. Thomas then filed a timely notice of appeal.

We will affirm the District Court's order. We agree with the Court that, insofar as Thomas seeks damages for his counsel's alleged ineffectiveness, his claim is barred by Heck. Under Heck, "a prisoner does not have a cognizable § 1983 claim, even if he or she does not seek relief from the fact or duration of confinement, for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been called into question." Grier v. Klem, 591 F.3d 672, 677 (3d Cir. 2010). A meritorious ineffective-assistance-of-counsel claim requires the movant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Thus, as the District Court concluded, a

---

[1] We note that Samuel Stretton, an attorney, filed a similar complaint in the District Court in 2008. See Civ. A. No. 08-01711. Thomas filed a motion to intervene in that action, which Stretton opposed and the District Court denied. Thomas then filed a near carbon copy of Stretton's complaint in his own name. On June 3, 2010, the District Court granted Stretton's unopposed motion to withdraw his complaint.

3

judgment in Thomas's favor on his ineffective-assistance-of-counsel claim would necessarily imply the invalidity of his conviction. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994) (per curiam). And, because Thomas's only previous challenges to his conviction have been unsuccessful, his claim is not cognizable under § 1983 at this time. See Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985) (per curiam) (so holding in case challenging the alleged underfunding of the court-appointed-counsel system).

In addition to seeking damages for his past harm, Thomas seeks prospective relief — a declaratory judgment that the current reimbursement system for court-appointed counsel is unconstitutional and an injunction requiring the defendants to raise the reimbursement rates. However, to have standing to bring these types of claims, Thomas must show that "he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (internal quotation marks omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief[.]" O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).[2]

Thus, Thomas has standing for these claims only if he can show that the

---

[2] While Thomas is still in prison, his "continuing incarceration cannot serve as a basis for standing in an action brought under § 1983" in these circumstances. Brown v. Fauver, 819 F.2d 395, 400 n.5 (3d Cir. 1987).

challenged fee schedule "will produce imminent injury" to him. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 564 (1992). Critically, in considering the likelihood of future injury, the Supreme Court has "been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury." <u>Honig v. Doe</u>, 484 U.S. 305, 320 (1988). Thus, we will not assume that Thomas will again face criminal charges and require court-appointed defense counsel — a conclusion that is reinforced by the fact that he is serving a life sentence. Nor is it apparent that Thomas will have counsel appointed for state collateral proceedings. While Thomas was entitled to counsel for his first round of PCRA proceedings (which he has already litigated), Pennsylvania extends no such guarantee to any subsequent petition that Thomas may file. <u>See</u> Pa. R. Crim. P. 904. Thomas has thus failed to show that he faces a real and immediate threat of being injured by Pennsylvania's attorney-compensation system. <u>See</u> <u>Gardner v. Luckey</u>, 500 F.2d 712, 714-15 (5th Cir. 1974) ("The prospect of future injury rests upon the likelihood that the plaintiffs named in the complaint will pursue further state court proceedings of a type that are within the statutory scope of duty of the Public Defender. We regard this as too speculative." (internal citation omitted)). Accordingly, he lacks standing to prosecute his claims for prospective injunctive and declaratory relief.

Finally, we discern no error in the District Court's conclusion that it would be futile to permit Thomas to amend his complaint. <u>See</u> <u>Phillips v. County of Allegheny</u>,

5

515 F.3d 224, 236 (3d Cir. 2008). Thomas's claims fail as a matter of law, and he could not cure these deficiencies with further pleading.

We will thus summarily affirm the District Court's order dismissing Thomas's complaint. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We also deny Thomas's request for the appointment of counsel. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-56 (3d Cir. 1993).